PEOPLE v CHAMBLIS

Docket No. 78-943. Submitted October 5, 1978, at Escanaba.—Decided December 8, 1978.

Alonzo Chamblis was convicted, on his plea of guilty, of assault with intent to rob being armed and possession of a firearm in the commission of or attempted commission of a felony in the Recorder's Court for the City of Detroit, Robert L. Evans, J. Defendant appeals claiming double jeopardy. *Held:*

The two convictions violated the defendant's guarantee against double jeopardy since the evidence needed to prove each element of the assault with intent to rob being armed charge was the identical evidence necessary to prove the felony-firearm charge. Because the felony-firearm conviction cannot stand, the punishment prescribed by the statute cannot be imposed for commission of the underlying felony.

The conviction for assault with intent to rob being armed is affirmed. The conviction for the felony-firearm offense is vacated.

R. M. MAHER, J., concurred in the reversal of the defendant's felony-firearm conviction but he would hold that conviction for both felony-firearm and the underlying felony is in all cases a violation of the constitutional provision against double jeopardy.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY FIREARM — ASSAULT WITH INTENT TO ROB BEING ARMED — DOUBLE PUNISHMENT.

A defendant's conviction for violation of the felony-firearm statute, arising from an assault with intent to rob being armed, constitutes double punishment where the evidence to prove each element of the assault with intent to rob being armed charge is the identical evidence necessary to prove the felony-firearm charge.

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 21 Am Jur 2d, Criminal Law § 182 *et seq.*

2. CRIMINAL LAW — ASSAULT WITH INTENT TO ROB BEING ARMED —
   FELONY-FIREARM — POSSESSION OF FIREARM.
   A defendant may not be convicted of and doubly punished for
   assault with intent to rob being armed and violation of the
   felony-firearm statute arising out of the assault where the
   possession of the firearm was a necessary prerequisite to the
   conviction of the assault.

CONCURRENCE BY R. M. MAHER, J.

3. CRIMINAL LAW — FELONY-FIREARM — UNDERLYING FELONIES —
   NECESSARILY INCLUDED OFFENSES — CONSTITUTIONAL LAW —
   DOUBLE JEOPARDY.
   *The underlying felony is always a necessarily lesser included
   offense of felony-firearm, regardless of whether or not the
   firearm was used in the commission of the underlying felony;
   conviction of both felony-firearm and the underlying felony is
   in all cases a violation of the constitutional provision against
   double jeopardy.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul C. Louisell,* Assistant Prosecuting Attorney, for the people.

*Mosley & Monroe, P.C.,* for defendant.

Before: J. H. GILLIS, P.J., and D. E. HOLBROOK and R. M. MAHER, JJ.

PER CURIAM. On November 8, 1977, defendant pled guilty to the crime of assault with intent to rob being armed, MCL 750.89; MSA 28.284, and possession of a firearm in commission of or attempted commission of a felony, MCL 750.227b; MSA 28.424(2).

Defendant raises two issues for our consideration. We find no error in the first issue.

On the second issue, defendant alleges that to convict defendant of each of these offenses violates

principles of double jeopardy. We agree. *People v Moore,* 87 Mich App 475; 275 NW2d 19 (1978) (J. H. GILLIS, P.J., dissenting), *People v Stringer,* 87 Mich App 481; 275 NW2d 25 (1978) (J. H. GILLIS, P.J., dissenting).

We wish to call to the attention of the litigants, the bench and bar that in this opinion we do not rule on the constitutionality of the felony-firearm act itself, but, rather, hold that the double jeopardy provision of the Michigan Constitution and the Constitution of the United States prevents application of the act under the facts of this case. We leave to a later date the issue of the constitutionality of the felony-firearm act when the underlying felony is not firearm related, such as a violation of the controlled substances act or the criminal sexual conduct act.

The conviction for assault with intent to rob being armed is affirmed. The conviction for possession of a firearm in commission of or attempted commission of a felony is vacated.

R. M. MAHER, J. *(concurring).* I concur in the reversal of the defendant's conviction, but I would hold that conviction of both felony-firearm and the underlying felony is in all cases a violation of the constitutional provision against double jeopardy, *People v Berry,* 85 Mich App 764; 272 NW2d 604 (1978), *Wayne County Prosecutor v Recorder's Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978).