PEOPLE v TAVOLACCI

Docket No. 78-1177. Submitted November 14, 1978, at Lansing.—
Decided February 6, 1979.

Timothy R. Tavolacci was convicted, on his plea of guilty, of
assault with intent to do great bodily harm less than murder
and possession of a firearm during the commission or attempt
to commit a felony in the Livingston Circuit Court, Bert M.
Hensick, J. Defendant appeals claiming conviction of the two
crimes constitutes double jeopardy, that the felony-firearm
statute involves amendment of a statute without republication
in violation of the constitution, and that there is an insufficient
factual basis to support his guilty plea to possession of a
firearm during the course of a felony. *Held:*

1. A defendant who is found to have committed a felony and
then found guilty of possession of a firearm during the commis-
sion of that felony is not thereby subjected to double jeopardy.

2. The felony-firearm statute does not violate the constitu-
tional prohibition against revision of a statute by reference to
its title only.

3. One not in possession of a firearm may be punished as an
aider and abettor to a felony-firearm offense.

4. An aider and abettor need not be present at the scene of
the crime as long as the evidence shows he procured, counseled,
aided or abetted in its commission.

5. The evidence is sufficient to give rise to the inculpatory
inference that defendant knew his confederates were armed
with a firearm.

6. The evidence is sufficient to provide a factual basis for
defendant's conviction as an aider and abettor to possession of
a firearm during the course of a felony.

Affirmed.

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
  79 Am Jur 2d, Weapons and Firearms §§ 7, 8.
[2] 73 Am Jur 2d, Statutes § 137.
  79 Am Jur 2d, Weapons and Firearms § 5.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 119, 127, 128.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — FELONY-FIREARM —
   DOUBLE JEOPARDY — STATUTES.

   A defendant who is found to have committed a felony not ex-
   cluded from the scope of the felony-firearm statute and then
   found guilty of possession of a firearm during the commission of
   that felony is not thereby subjected to double jeopardy (MCL
   750.227b; MSA 28.424[2]).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — FELONY-FIREARM —
   TITLE-OBJECT CLAUSE — STATUTES.

   The felony-firearm statute is an act complete within itself, and as
   such it does not violate the constitutional proscription against
   revision of a statute by reference to its title only (Const 1963,
   art 4, § 25, MCL 750.227b; MSA 28.424[2]).

3. CRIMINAL LAW — AIDING AND ABETTING — FELONY-FIREARM —
   POSSESSION OF FIREARM — STATUTES.

   One not in possession of a firearm may be punished as an aider
   and abettor to a felony-firearm offense since: 1) the purpose of
   the aider and abettor statute is to punish those who had
   counseled, aided or abetted in the commission of an offense in
   the same manner as if they had actually committed the offense
   and such purpose is furthered by applying the statute to one
   who aids and abets the possession of a firearm in the course of
   a felony, 2) the aider and abettor statute applies to all offenses
   and is not limited in any way, 3) there is no indication that the
   Legislature intended to exclude the possibility of an aider and
   abettor to the crime of possession of a firearm during the
   course of a felony since it specifically excluded some other
   crimes from the scope of the statute, and 4) punishing aiders
   and abettors of the crime of felony-firearm is consistent with
   and would help to further the felony-firearm statute's purpose
   of deterring the use of handguns during the course of felonies
   (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

4. CRIMINAL LAW — AIDING AND ABETTING.

   An aider and abettor is one who encourages, counsels or assists in
   the commission of a crime with the intention of rendering such
   help and with the knowledge that the criminal act is contem-
   plated; an aider and abettor need not be present at the scene of
   the crime as long as the evidence shows he procured, counseled,
   aided or abetted in the commission of the offense.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Frank R. Del
Vero,* Prosecuting Attorney (by *Keith D. Roberts,*

Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*J. David Reck,* for defendant.

Before: CYNAR, P.J., and R. B. BURNS and M. B. BREIGHNER,* JJ.

CYNAR, P.J. Defendant appeals as of right from guilty pleas entered on November 22, 1977. On that date, pursuant to a plea bargain, defendant pled guilty to assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and possession of a firearm during the commission or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). On December 27, 1977, he was sentenced to consecutive terms of 2 years imprisonment for the felony-firearm charge and 4 to 10 years for the assault.

We find no merit to defendant's argument that conviction of the two crimes constitutes double jeopardy. See *People v Gary Hughes,* 85 Mich App 674; 272 NW2d 567 (1978), and *People v Dillon,* 87 Mich App 579; 275 NW2d 28 (1978).

Similarly, we reject defendant's argument that the felony-firearm statute, MCL 750.227b; MSA 28.424(2), involves amendment without republication, in violation of Const 1963, art 4, § 25. See *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978).

Defendant's final contention is that there is an insufficient factual basis to support his guilty plea to possession of a firearm during the course of a felony. The prosecutor contends that the facts provided by defendant at the plea proceeding

---

* Circuit judge, sitting on the Court of Appeals by assignment.

provide an adequate basis for a conviction as an aider and abettor.

At the plea proceeding defendant testified that he was a party to a plan to kill an undercover narcotics agent. As part of this plan he told the undercover agent of a drug buy that was arranged for him. The agent then appeared pursuant to defendant's instructions and was introduced to two other persons who were supposedly involved in the drug sale. In reality these individuals had armed themselves with a shotgun which they intended to use to kill the agent. Defendant testified that he knew a "weapon" was going to be used, but didn't know it would be a shotgun. The agent left in a car with the other two individuals. Shortly thereafter, an unsuccessful attempt upon the agent's life was made. Defendant was not present at the time of this assault, nor was he ever in actual possession of the firearm.

Defendant initially contends that a conviction under MCL 750.227b; MSA 28.424(2) is limited to the person who actually possesses the firearm. Such a view has been accepted, over a dissent, by one panel of this Court. See *People v Walter Johnson, supra.*

However, we believe that the felony-firearm statute should not be interpreted in such a limited manner. MCL 767.39; MSA 28.979 provides that:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

We see no reason why one not in possession of a firearm cannot be punished as an aider and abet-

tor. The purpose of the aider and abettor statute is to punish those who had counseled, aided or abetted in the commission of an offense in the same manner as if they had actually committed the offense. *People v Palmer,* 392 Mich 370, 378; 220 NW2d 393 (1974). Such a purpose is furthered by applying the statute to one who aides and abets the possession of a firearm in the course of a felony.

We also note that the aider and abettor statute is not limited in any way. It applies to all "offenses", including misdemeanors. *People v Hoaglin,* 262 Mich 162, 172; 247 NW 141 (1933). It has also been applied to a possessory crime, similar to that present here. In *People v Doemer,* 35 Mich App 149, 151-152; 192 NW2d 330 (1971), the Court held that one could aid and abet the possession of marijuana. See also 47 ALR3d 1239.

Nor do we see anything in the language of MCL 750.227b; MSA 28.424(2) that indicates a legislative intent to exclude the possibility of an aider and abettor to the crime described therein. The language of the statute applies to "A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a * * *". There are innumerable imaginable situations where one could act in such a way so as to aid and abet such possession. If the Legislature had wished to exclude such aiders and abettors from the punishment set forth in the statute, it could have done so in a manner similar to that which it used to exclude two felonies from the scope of the statute.

Furthermore, punishing aiders and abettors of the crime of "felony-firearm" is consistent with and would help to further the felony-firearm stat-

ue's purpose of deterring the use of handguns during the course of felonies. See *People v Elowe,* 85 Mich App 744; 272 NW2d 596 (1978). Punishment of those who aid or abet this crime serves as a deterrence to such aiding and abetting. Consequently less persons would be likely to act as aiders and abettors. This reduction serves as additional deterrence upon the commission of the crime as well, as there are likely to be persons who are unable or unwilling to commit the offense of "felony-firearm" without some assistance.

In light of the considerations noted above, we hold that one may be convicted as an aider and abettor to the felony-firearm offense. In so doing we note with approval that part of Judge N. J. KAUFMAN's dissenting opinion in *People v Walter Johnson* which comes to the same conclusion by means of a different analysis.

The question still remains whether defendant supplied a sufficient factual basis for the felony-firearm plea. An aider and abettor is one who:

"encourages, counsels or assists another in the commission of a crime with the intention of rendering such help and with the knowledge that the criminal act is contemplated." *People v Gary Spry,* 74 Mich App 584, 594; 254 NW2d 782 (1977). See also *People v Penn,* 70 Mich App 638, 649; 247 NW2d 575 (1976).

One accused as an aider and abettor need not be present at the scene of the crime, as long as the evidence shows he procured, counseled, aided or abetted in the commission of the offense. *People v Hodo,* 51 Mich App 628, 635; 215 NW2d 733 (1974).

In the present case, defendant admitted taking part in a plan to kill the undercover agent. He knew at the time that the others intended to kill the agent. Defendant also admitted he knew that

the other individuals involved in the plot would be armed with a "weapon". This evidence is sufficient to give rise to the inculpatory inference that defendant knew his confederates were armed with a firearm. See *People v Haack,* 396 Mich 367, 377; 240 NW2d 704 (1976).

We conclude that this evidence is sufficient to provide a factual basis for defendant's conviction as an aider and abettor to "felony-firearm". Defendant's participation in the plot to murder the agent is sufficient assistance and encouragement in the commission of the crime to constitute "aiding and abetting". Although defendant did not provide the weapon to be used, his assent to and participation in the plan were necessary to the ultimate commission of "felony-firearm" by the other participants in the plan. Such encouragement was made intentionally and with the knowledge that the crime of "felony-firearm" was contemplated.

Affirmed.