PEOPLE v POWELL

Docket No. 78-322. Submitted December 7, 1978, at Lansing.—Decided
    May 21, 1979.
    Defendant, Kelvin D. Powell, was convicted, on his plea of guilty,
      of armed robbery and felony-firearm in the Genesee Circuit
      Court, Donald R. Freeman, J. The facts are that, while he
      participated in the robbery, he did not have possession of a
      firearm but that his codefendant did. Defendant appeals. *Held:*

      1. To be convicted of felony-firearm, a defendant must have
    had personal possession of a firearm.

      2. Under the facts, conviction of both felony-firearm and
    armed robbery violates the double jeopardy provisions of the
    Federal and state constitutions.

      Affirmed as to the armed robbery conviction and reversed as
    to the felony-firearm conviction.

      CYNAR, J., dissented. He would hold that conviction of felony-
    firearm does not require proof of personal possession of a
    firearm and that an aider and abettor of an armed robbery
    without personal possession may be properly convicted of both.
    He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — STATUTES — FELONY-FIREARM — PERSONAL LIA-
      BILITY — AIDERS AND ABETTORS.
    The felony-firearm statute, which makes carrying a firearm dur-
      ing the commission of a felony not excepted by the statute a
      separate punishable offense, requires for a finding of guilt that
      a defendant personally carry or have in his possession a fire-
      arm; an aider and abettor in an armed robbery, who was not
      armed, may not be convicted of violation of the felony-firearm
      statute (MCL 750.227b; MSA 28.424[2]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 67 Am Jur 2d, Robbery §§ 4, 8, 9.
[2] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
    67 Am Jur 2d, Robbery § 48.
[3] 21 Am Jur 2d, Criminal Law §§ 115, 119, 123, 182 *et seq.*

2. Criminal Law — Double Jeopardy — Armed Robbery — Felony-
Firearm.

 Conviction of both armed robbery and possession of a firearm
during the commission of the armed robbery constitutes double
·conviction and punishment for the same offense and is prohib-
ited by the Federal and state constitutions.

Dissent by Cynar, J.

3. Criminal Law — Aiding and Abetting — Felony-Firearm —
Possession of a Firearm.

 *One not in possession of a firearm may be punished as an aider
and abettor to a felony-firearm offense; one who, along with
another, intended to and did commit a robbery in which the
other used a firearm may properly be convicted as an aider and
abettor of both armed robbery and felony-firearm.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief, Appellate Division, for the people.

*Jon T. Warren,* for defendant on appeal.

Before: D. E. Holbrook, P.J., and D. E. Hol-
brook, Jr., and Cynar, JJ.

D. E. Holbrook, P.J. Defendant pled guilty May
24, 1977, to charges of armed robbery, MCL
750.529; MSA 28.797, and possession of a firearm
during the commission of a felony, MCL 750.227b;
MSA 28.424(2). He was sentenced to from 20 to 39
years on the robbery charge and to the mandatory
consecutive two-year possession term. The defen-
dant appeals of right, alleging that the factual
basis elicited during his plea proceedings does not
support his conviction for possession of a firearm
and that his conviction on both counts violates the
constitutional prohibition of double jeopardy.

 The testimony elicited in support of the defen-
dant's plea indicates that he was sentenced under

MCL 750.227b as a result of his codefendant's possession of a firearm. We agree with the holding of *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), that the language of the felony-firearm statute clearly contemplates "personal" possession of a firearm by the defendant.

Further, we find that it would be necessary to prove the same facts to convict defendant under the armed robbery charge and to convict defendant under the possession of a firearm during the commission of a felony charge. Conviction of both offenses offends the double jeopardy provision of the Federal and state constitutions prohibiting being twice convicted and punished for the same offense. See *People v Walter Johnson, supra* (dissent by KAUFMAN, J.) and *People v Chamblis,* 88 Mich App 734; 279 NW2d 541 (1978).

For these reasons, defendant's conviction under MCL 750.227b is reversed. Defendant's conviction for armed robbery under MCL 750.529 is affirmed.

D. E. HOLBROOK, JR., J., concurred.

CYNAR, J. *(dissenting).* I do not believe that MCL 750.227b; MSA 28.424(2) requires proof of personal possession of the firearm. See my opinion in *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979). I believe that one can be convicted as an aider and abettor to the offense of felony firearm. See MCL 767.39; MSA 28.979 and *People v Doemer,* 35 Mich App 149, 151-152; 192 NW2d 330 (1971). See also Judge KAUFMAN's opinion in *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978).

To be convicted as an aider and abettor one must assist another in the commission of a crime with knowledge that a criminal act is contemplated. *People v Spry,* 74 Mich App 584, 594; 254

NW2d 782 (1977), *People v Penn,* 70 Mich App 638, 649; 247 NW2d 575 (1976). When one pleads guilty to aiding and abetting an offense, there must be a substantial factual basis for the plea and the plea must represent a well-considered and well-advised choice by the defendant. *People v Haack,* 396 Mich 367, 376-377; 240 NW2d 704 (1976).

Appellant stated he and his codefendant intended to commit a robbery to "get some money". They entered the car and said: "This is a stick up." Powell had a knife in his hand and the victim gave them a dollar. Powell, while in the car, observed Reynolds with a gun. He described in detail Reynolds' use of the gun during the robbery, but he said he had not seen the gun until they were in the victim's automobile. Powell stated he kept the money taken in the robbery and indicated that he had a vivid memory of the robbery and that he combined with the codefendant in the use of the gun in perpetration of the robbery.

On the basis of these facts, the defendant's guilty plea to the charge of armed robbery and felony-firearm is supported by his testimony and should be affirmed.