PEOPLE v PERRY

Docket No. 78-1875. Submitted September 4, 1979, at Detroit.—Decided October 2, 1979. Leave to appeal applied for.

Pamela J. Perry was charged with two counts of possession of a firearm in the commission of a felony. The Recorder's Court of Detroit, Robert L. Evans, J., dismissed the charges, finding no evidence that the defendant was actually in possession of a firearm during the transaction in question. The people appeal, alleging that the felony-firearm statute is constitutional and that a person may be found guilty of aiding and abetting one who violates the felony-firearm statute. *Held:*

1. The felony-firearm statute is constitutional.

2. A person not in possession of a firearm may be charged with aiding and abetting one who actually possesses a firearm during the commission of a felony.

Reversed and remanded.

1. Criminal Law — Felony-Firearm Statute — Constitutional Law.

The felony-firearm statute, which provides for enhanced punishment where a felony is committed with a firearm, is constitutional (MCL 750.227b; MSA 28.424[2]).

2. Criminal Law — Felony-Firearm Statute — Aiders and Abettors.

A person not in actual possession of a firearm may be charged, under the felony-firearm statute, with aiding and abetting one who does possess a firearm in the commission of a felony (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

---

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 182, 183, 186.

Construction and application of provision of Omnibus Crime Control and Safe Streets Act of 1968 (18 USCS § 924(c)) that person who uses firearm to commit, or carries firearm unlawfully during commission of federal felony, shall be sentenced to term of imprisonment in addition to punishment provided for such felony. 25 ALR Fed 678.

[2] 21 Am Jur 2d, Criminal Law §§ 119, 122.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for defendant.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. The people appeal from an order of the Detroit Recorder's Court dismissing two counts of possessing a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2).

Two issues are presented on appeal: (1) whether the felony-firearm statute is constitutional, and (2) whether one not in actual possession of a firearm may aid and abet a person who violates the felony-firearm statute.

The Supreme Court has recently disposed of the first issue, upholding the constitutionality of the felony-firearm statute in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

The second issue is one which has divided two panels of this Court. Compare *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979).

It is our opinion that the proper application of the aiding and abetting statute, MCL 767.39; MSA 28.979, to the felony-firearm statute requires us to hold that one not in actual possession of a firearm may be charged with aiding and abetting one who does possess a firearm.

The felony-firearm statute requires that a person carry or have in his possession a firearm at

the time he commits or attempts to commit a felony.

The aider and abettor statute provides that:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

There is no langauge in either the felony-firearm statute or the aider and abettor statute which limits the application of one to the other. *People v Tavolacci, supra.* Further, the aider and abettor statute has been applied previously to possessory crimes. *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971).

We therefore reinstate the charges brought under MCL 750.227b; MSA 28.424(2).

Reversed and remanded.