PEOPLE v GIBSON

Docket No. 78-4055. Submitted September 4, 1979, at Detroit.—Decided December 5, 1979.

Leonardo Gibson was convicted of armed robbery and possession of a firearm in the commission of a felony, Wayne Circuit Court, Harold Hood, J. Defendant appeals, alleging that 1) the felony-firearm statute is unconstitutional, 2) one not in actual possession of a firearm cannot be convicted under the felony-firearm statute, 3) the prosecution was required to prove that the gun used by defendant's accomplice was operable, 4) defendant was denied effective assistance of counsel because defense counsel failed to present as witnesses attorneys who had attended various pre-trial lineups and photographic showups, and 5) the evidence regarding defendant's identification as one of the robbers was insufficient to support his conviction. *Held:*

1. The felony-firearm statute is constitutional. It violates neither the prohibition against double jeopardy nor the Michigan Constitution's prohibition against amending a statute by implication.

2. A person may be convicted as an aider and abettor of one who actually possesses a firearm in the commission of a felony.

3. There is no requirement that the prosecution show proof that a firearm used in a robbery was in operating condition,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 546.
  73 Am Jur 2d, Statutes § 140.
[2] 21 Am Jur 2d, Criminal Law § 119.
[3] 67 Am Jur 2d, Robbery §§ 4-6, 23.
  Fact that gun was unloaded as affecting criminal responsibility. 79 ALR2d 1412.
  Robbery by means of toy or simulated gun or pistol. 81 ALR3d 1006.
[4] 73 Am Jur 2d, Statutes §§ 145, 146.
[5] 79 Am Jur 2d, Weapons and Firearms § 16.
[6] 7 Am Jur 2d, Attorneys at Law §§ 168, 171.
  21 Am Jur 2d, Criminal Law § 315.
[7] 30 Am Jur 2d, Evidence §§ 1080, 1170.

under either the armed robbery statute or the felony-firearm statute.

4. Defense counsel's decision not to present certain witnesses is trial strategy and, as such, will not support a claim of ineffective assistance of counsel.

5. There was evidence presented which would support the identification of the defendant as one of the perpetrators of the robbery. It is for the jury, not the court, to weigh the evidence presented.

Affirmed.

1. CRIMINAL LAW — FELONY FIREARM — DOUBLE JEOPARDY — AMENDMENT OF STATUTES.

The felony-firearm statute, which provides that possession of a firearm during the commission of a felony is an offense which mandates a two-year prison sentence in addition to that imposed for the felony itself, does not violate the prohibition against double jeopardy nor does it impermissibly amend any other statute by implication (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — FELONY FIREARM — AIDERS AND ABETTORS.

A person who is not in actual possession of a firearm during the commission of a felony may be found guilty as an aider and abettor of one who does possess a firearm.

3. ROBBERY — ARMED ROBBERY — OPERABILITY OF FIREARM.

It is not required, in order to show a violation of the armed robbery statute, to prove that a gun used in a robbery is operable; the victim's reasonable belief that the defendant is armed is sufficient to sustain the conviction.

4. STATUTES — CONSTRUCTION OF STATUTES — PURPOSE AND INTENT OF LEGISLATURE.

The primary and fundamental rule of statutory construction is to ascertain and give effect to the purpose and intention of the Legislature; the words of a statute are to be applied to the subject matter and to the general scope of its provision and are to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied.

5. CRIMINAL LAW — FELONY FIREARM — OPERABILITY OF FIREARM.

A prosecutor need not present proof of operability of a firearm in a prosecution for a felony-firearm violation (MCL 750.227b; MSA 28.424[2]).

6. Criminal Law — Attorney and Client — Effective Assistance of Counsel — Trial Strategy.

A defense attorney's decision not to present specific witnesses at trial relates to trial strategy and, as such, will not support a claim of ineffective assistance of counsel.

7. Criminal Law — Evidence — Sufficiency of Evidence.

The evidence must be viewed in the light most favorable to the prosecution where a defendant has alleged that the evidence was insufficient to support his conviction; the conviction may be supported if the prosecutor introduced some competent evidence as to each essential element of the crime charged, and it is for the jury, not the court, to weigh the evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Robert A. Rosenberg,* for defendant on appeal.

Before: Bashara, P.J., and J. H. Gillis and V. J. Brennan, JJ.

V. J. Brennan, J. Defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant moved for a new trial at sentencing on May 17, 1978. That motion was denied. Defendant was sentenced at that time to a prison term of 8 to 20 years on the armed robbery count and to the mandatory 2 years on the felony-firearm count. Defendant appeals by right.

Defendant's conviction arose out of the robbery of the Polka Dot Party Store in Wyandotte, Michigan, by two men. Defendant was identified at trial as being the robber without a gun.

Defendant argues that the felony-firearm statute

is unconstitutional under the double jeopardy prohibition and under Michigan Const 1963, art 4, § 25, which prohibits amendment of statutes by implication.

These constitutional arguments were recently settled by the Supreme Court in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374, 391; 280 NW2d 793 (1979). The statute was found to be constitutional.

Defendant further argues that one not in actual possession of a firearm cannot be convicted under the felony-firearm statute of aiding and abetting a person in actual possession of a firearm who violates the felony-firearm statute. This Court has been divided on this issue. *Cf., People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Perry,* 92 Mich App 732; 285 NW2d 217 (1979).

"It is our opinion that the proper application of the aiding and abetting statute, MCL 767.39; MSA 28.979, to the felony-firearm statute requires us to hold that one not in actual possession of a firearm may be charged with aiding and abetting one who does possess a firearm.

"The felony-firearm statute requires that a person carry or have in his possession a firearm at the time he commits or attempts to commit a felony.

"The aider and abettor statute provides that:

" 'Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.'

"There is no language in either the felony-firearm statute or the aider and abettor statute which limits the application of one to the other. *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979). Further, the aider and abettor statute has been previously applied to possessory crimes. *People v Doemer,* 35 Mich App 149;

192 NW2d 330 (1971)." *People v Wimbush,* 94 Mich App 152; 288 NW2d 375 (1979).

Angelo Sandusky, defendant's purported partner in the robbery, mentioned at trial that the gun used to perpetrate the armed robbery was not operable. Defendant did not pursue or challenge this evidence at trial. At the time of sentencing defendant moved for a new trial on the grounds that the prosecution had failed to prove, as an element of its case, that the firearm was operable. The motion was denied and defendant claims error.

Initially it should be noted that the armed robbery statute does not require proof that a gun is operable. It is the victim's reasonable belief that the defendant is armed that is sufficient to sustain the conviction. Whether the gun was operable or not, therefore, would not affect this defendant's armed robbery conviction.

The felony-firearm statute, MCL 750.227b; MSA 28.424(2), provides:

"Sec. 227b. (1) A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this section, the person shall be imprisoned for 10 years."

The definition of a firearm is contained in MCL 8.3t; MSA 2.212(20):

"Sec. 3t. The word 'firearm', except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile

may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177 calibre by means of spring, gas or air."

The primary and fundamental rule of statutory construction is to ascertain and give effect to the purpose and intention of the Legislature. Intent must be inferred from the language used, but it is not the meaning of the particular words in the abstract only or their strictly grammatical construction alone that governs. The words are to be applied to the subject matter and to the general scope of the provision, and they are to be considered in light of the general purpose sought to be accomplished or the evil sought to be remedied. *White v Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979). See also *People v Gilbert,* 88 Mich App 764, 768; 279 NW2d 546 (1979).

The Supreme Court has found that the legislative purpose behind the felony-firearm statute is to deter the use of firearms due to their inherent dangerousness. *Wayne County Prosecutor, supra.* Therefore, the felony-firearm statute requires a construction in harmony with that finding, MCL 8.3; MSA 2.212.

It is our opinion that the prosecutor need not present proof of operability as an element of a prima facie case in a felony-firearm prosecution. A contrary requirement would be inconsistent with the legislative intent of discouraging the practice of carrying guns in circumstances where harm is apt to occur.

Defendant also alleges that he was denied effective assistance of counsel because defense counsel failed to subpoena and present testimony of attorneys present at the various pre-trial lineups and

photo showups. Defendant does not not argue that the lineups were unfair.

Testimony concerning the various witnesses' ability or inability to identify the defendant was presented at trial. Defendant does not now specify what testimony the attorneys could have presented. The decision not to present specific witnesses relates to trial strategy and as such will not support a claim of ineffective assistance of counsel. *People v Roberson,* 90 Mich App 196, 204; 282 NW2d 280 (1979).

Defendant also challenges the sufficiency of the evidence regarding his identification as one of the robbers because a witness to the robbery who had identified the defendant at trial had previously identified another person as being the robber instead of defendant. However, the record reflects that Angelo Sandusky, who had been convicted of the robbery in question on the day prior to defendant's trial, testified that defendant had been his accomplice.

In reviewing a claim of insufficient evidence the evidence must be viewed in the light most favorable to the prosecutor. *People v McCracken,* 88 Mich App 286, 294; 276 NW2d 609 (1979). In a criminal prosecution, all that is required to support a conviction is that the prosecutor introduce some competent direct or circumstantial evidence as to each essential element of the crime charged so as to support the jury's finding of guilt beyond a reasonable doubt. It is for the jury, not the court, to weigh the evidence. *People v Clark,* 88 Mich App 88, 90-91; 276 NW2d 527 (1979).

Affirmed.