PEOPLE v WIMBUSH

Docket No. 78-2722. Submitted October 9, 1979, at Detroit.—Decided December 5, 1979.

Dennis Wimbush was convicted, on his pleas of guilty, of armed robbery and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, James A. Hathaway, J. Defendant appeals. Two issues are presented: (1) whether the felony-firearm statute is constitutional, and (2) whether one not in actual possession of a firearm may aid and abet a person who violates the felony-firearm statute. *Held:*

1. Each of the statutes, armed robbery and felony-firearm, requires proof of a fact which the other does not; therefore, convicting a defendant of armed robbery does not violate the rule against double punishment. The felony-firearm statute is constitutional.

2. One not in actual possession of a firearm may be charged with aiding and abetting one who does possess a firearm during the commission of a felony.

Defendant's conviction under the felony-firearm statute is affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — DOUBLE JEOPARDY — FIREARMS — ARMED ROBBERY — FELONY-FIREARM — STATUTES.

Convicting a defendant of armed robbery and of carrying or possessing a firearm during the armed robbery does not violate the rule against double punishment; each of these criminal statutes legally requires proof of a fact which the other does not (MCL 750.227b, 750.529; MSA 28.424[2], 28.797).

2. CRIMINAL LAW — WEAPONS — FELONY-FIREARM — COMMON ENTERPRISE — AIDING AND ABETTING — STATUTES.

An accused may be convicted as an aider and abettor of a possessory crime such as felony-firearm where it is shown that he knowingly acted or encouraged, with an intent to aid, the

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 183, 188.
[2] 21 Am Jur 2d, Criminal Law §§ 118-120.
   67 Am Jur 2d, Robbery §§ 8, 9.

possessor to obtain or retain possession of, or to use the firearm during the course of a felony; therefore, one not in actual possession of a firearm may be charged with aiding and abetting one who does possess a firearm (MCL 767.39; MSA 28.979).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and MacKENZIE, JJ.

V. J. BRENNAN, J. Defendant, Dennis Wimbush, pled guilty to charges of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant appeals of right the felony-firearm conviction.

Two issues are presented on appeal: (1) whether the felony-firearm statute is constitutional, and (2) whether one not in actual possession of a firearm may aid and abet a person who violates the felony-firearm statute.

The Supreme Court has recently disposed of the first issue, upholding the constitutionality of the felony-firearm statute in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

The second issue is one which has divided different panels of this Court. *Cf., People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), and *People v Perry,* 92 Mich App 732; 285 NW2d 217 (1979).

It is our opinion that the proper application of the aiding and abetting statute, MCL 767.39; MSA

28.979, to the felony-firearm statute requires us to hold that one not in actual possession of a firearm may be charged with aiding and abetting one who does possess a firearm.

The felony-firearm statute requires that a person carry or have in his possession a firearm at the time he commits or attempts to commit a felony.

The aider and abettor statute provides that:

"Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."

There is no language in either the felony-firearm statute or the aider and abettor statute which limits the application of one to the other. *People v Tavolacci*, 88 Mich App 470; 276 NW2d 919 (1979). Further, the aider and abettor statute has been previously applied to possessory crimes. *People v Doemer*, 35 Mich App 149; 192 NW2d 330 (1971).

Defendant's conviction under MCL 750.227b; MSA 28.424(2) is affirmed.