PEOPLE v DUCKETT

Docket No. 78-2842. Submitted October 3, 1979, at Grand Rapids.— Decided January 9, 1980.

Defendant, Anthony L. Duckett, was convicted of armed robbery and felony-firearm in the Kalamazoo Circuit Court, C. H. Mullen, J. Defendant appeals, alleging that his convictions violate the constitutional double-jeopardy prohibition and that his felony-firearm conviction under the aiding and abetting statute was improper. *Held:*

1. A defendant who is found to have committed a felony not excluded from the scope of the felony-firearm statute and then found guilty of possession of a firearm during the commission of that felony is not thereby subjected to double jeopardy.

2. One not in possession of a firearm may be punished as an aider and abettor to a felony-firearm offense since: 1) the purpose of the aider and abettor statute is to punish those who had counseled, aided or abetted in the commission of an offense in the same manner as if they had actually committed the offense, and such purpose is furthered by applying the statute to one who aids and abets the possession of a firearm in the course of a felony; 2) the aider and abettor statute applies to all offenses and is not limited in any way; 3) there is no indication that the Legislature intended to exclude the possibility of an aider and abettor to the crime of possession of a firearm during the course of a felony since it specifically excluded some other crimes from the scope of the statute; and 4) punishing aiders and abettors of the crime of felony-firearm is consistent with and would help to further the felony-firearm statute's purpose of deterring the use of handguns during the course of felonies.

Affirmed.

CYNAR, P.J., concurred, noting that the purposes of the felony-firearm statute are to deter the use of firearms during the course of a felony and punish those who possess firearms in

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 182, 189.
[2] 21 Am Jur 2d, Criminal Law §§ 120-124.
[3] 79 Am Jur 2d, Weapons and Firearms § 8.

the perpetration of a felony, thereby attempting to reduce the possibility of injury to victims, passersby and the police.

### OPINION OF THE COURT

1. CRIMINAL LAW — CONSTITUTIONAL LAW — FELONY-FIREARM — DOUBLE JEOPARDY — STATUTES.

A defendant who is found to have committed a felony not excluded from the scope of the felony-firearm statute and then found guilty of possession of a firearm during the commission of that felony is not thereby subjected to double jeopardy (MCL 750.227b; MSA 28.424[2]).

2. CRIMINAL LAW — AIDING AND ABETTING — FELONY-FIREARM — POSSESSION OF FIREARM — STATUTES.

One not in possession of a firearm may be punished as an aider and abettor to a felony-firearm offense since: 1) the purpose of the aider and abettor statute is to punish those who had counseled, aided or abetted in the commission of an offense in the same manner as if they had actually committed the offense, and such purpose is furthered by applying the statute to one who aids and abets the possession of a firearm in the course of a felony; 2) the aider and abettor statute applies to all offenses and is not limited in any way; 3) there is no indication that the Legislature intended to exclude the possibility of an aider and abettor to the crime of possession of a firearm during the course of a felony since it specifically' excluded some other crimes from the scope of the statute; and 4) punishing aiders and abettors of the crime of felony-firearm is consistent with and would help to further the felony-firearm statute's purpose of deterring the use of handguns during the course of felonies (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

### CONCURRENCE BY CYNAR, P.J.

3. CRIMINAL LAW — FELONY-FIREARM — PURPOSE OF STATUTE — UNDERLYING FELONIES — STATUTES.

*The purpose of the felony-firearm statute is to deter the use of handguns during the course of a felony and to assure the punishment of persons who possess handguns during the perpetration of a felony; the statute as written may act to deter the underlying felony itself by punishing the possession as opposed to the use of a firearm during the commission of the felony; the statute's goal of deterrence, which is essentially directed toward the use of firearms during felonies, may extend to the underlying felony itself, by virtue of the prohibition against the*

possession of a firearm during the course of a felony (MCL
750.227b; MSA 28.424.[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Judy A. Hughes,* Assistant Prosecuting Attorney, for the people.

*Kenneth V. Miller,* for defendant.

Before: CYNAR, P.J., and D. F. WALSH and L. B. BEBEAU,* JJ.

PER CURIAM. Defendant was convicted by jury on May 18, 1978, of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On June 19, 1978, defendant was sentenced to prison terms of one to five years for armed robbery and two years on the felony-firearm count, and now appeals of right.

Defendant's allegation that his felony-firearm conviction violates the Michigan and United States constitutional prohibitions against being twice placed in jeopardy for the same offense (Const 1963, art 1, § 15; US Const, Am V) is without merit. *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

Defendant next maintains that his felony-firearm conviction under the aiding and abetting statute, MCL 767.39; MSA 28.979, was improper because application of the felony-firearm statute should be limited to the person who actually possessed the firearm. In the case at bar it is undisputed that only defendant's accomplice wielded the firearm used during commission of the crime.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

This Court is presently not in harmony on the question of whether one not in actual possession of a firearm during commission of a felony may properly be convicted of the crime of "felony-firearm" as an aider and abettor. In *People v Walter Johnson,* 85 Mich App 654, 658; 272 NW2d 605 (1978), the majority opinion interpreted the felony-firearm statute "to require that a defendant *personally* carry or have in his possession a firearm" in order to justify a conviction under the felony-firearm statute. (Emphasis in original.) Judge N. J. KAUFMAN, dissenting, recognized no impropriety in applying the theory of accessory liability to an individual who does not actually possess a firearm utilized in an armed robbery.

This Court in *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), noted with approval that part of Judge KAUFMAN's dissenting opinion, and then adduced further reasons of its own in support of its conclusion that one who does not actually possess the firearm utilized during commission of a felony may nevertheless validly be convicted of "felony-firearm" as an aider and abettor.

After carefully evaluating the *Walter Johnson* and *Tavolacci* opinions, we accept as more persuasive the legal reasoning enunciated in *Tavolacci* and in the dissenting opinion in *Walter Johnson.* We perceive no legal impropriety in the application to defendant of accessory liability under the felony-firearm statute.

Affirmed.

CYNAR, P.J. *(concurring).* While concurring, I feel the following additional observations are appropriate. This writer, in *People v Elowe,* 85 Mich App 744, 748; 272 NW2d 596 (1978), wrote for

affirmance of a conviction where the defendant, who was involved in a delivery of a controlled substance, did not use but did possess a firearm on his person during the commission of that felony. It was pointed out in *Elowe* that the purposes of the felony-firearm statute are to deter the use of firearms during the course of a felony and to punish those who possess firearms in the perpetration of a felony, thereby attempting to reduce the possibility of injury to victims, passersby and police officers.

Further, when based upon a sufficient factual basis, one not in possession of a firearm may be convicted as an aider and abettor to a felony-firearm offense. See my opinion in *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979).

Finally in *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), my dissent supports affirmance of convictions for armed robbery, MCL 750.529; MSA 28.797, and for possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). There was a substantial factual basis in *Powell* to support the acceptance of a guilty plea to aiding and abetting the offense of felony firearm.

The purpose of the firearm legislation is the same whether it involves use, possession, or aiding and abetting. The purpose is to deter criminal activity which so often causes injury and death to people who are victims of crime or otherwise innocent of any wrongdoing.