PEOPLE v MASON

Docket No. 77-3695. Submitted October 2, 1979, at Detroit.—Decided
     March 5, 1980.

Michael Mason was convicted of carrying a concealed weapon,
     possession of heroin, and possession of a firearm during the
     commission of a felony, Recorder's Court of Detroit, Robert L.
     Evans, J. Defendant appeals, alleging that the removal of a
     juror by the trial court was an abuse of discretion, that the
     prosecutor failed to establish that the weapon used was opera-
     ble and that the trial court therefore improperly denied the
     defendant's motion for a directed verdict of acquittal on the
     felony-firearm charge, and that the trial court should have
     instructed the jury that failure of the prosecution to produce a
     res gestae witness should lead to a presumption that the
     witness's testimony would have been unfavorable to the prose-
     cution. Held:

     1. One of the 13 empanelled jurors manifested friendliness
     and goodwill toward the defendant, and, following a meeting in
     chambers with all counsel and the juror present, the trial court
     concluded that the juror was potentially prejudiced. The jury
     was reduced to 12 by the removal of this juror rather than by
     the usual method of choosing by lot. Under these circumstances
     there was no abuse of discretion.

     2. The prosecutor was not required to prove operability of a
     firearm in order to establish a prima facie case in a felony-
     firearm prosecution, sufficient to survive the defendant's re-
     quest for a directed verdict. In this case the prosecutor did
     present evidence that the firearms involved were apparently in
     working order. Denial of the defendant's motion was proper.

     3. The trial court found that the prosecutor had used due
     diligence to secure the missing res gestae witness. This finding
     was an abuse of discretion; the prosecutor had notice of the
     trial date ten months in advance, yet took no steps to insure

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 18.
    5 Am Jur 2d, Appeal and Error §§ 772, 774.
[2] 79 Am Jur 2d, Weapons and Firearms § 16.
[3] 29 Am Jur 2d, Evidence § 180.

the presence of the witness at trial until just before trial and the witness could not then be located. The error, however, was harmless because the testimony of the witness would have been merely cumulative.

Affirmed.

1. JURY — TRIAL — REMOVAL OF JUROR.

The decision of a trial court to remove a juror will be reversed only upon a finding of a clear abuse of discretion.

2. CRIMINAL LAW — FELONY-FIREARM STATUTE — FIREARMS — OPERABILITY OF FIREARM.

A prosecutor need not present proof of the operability of a firearm as an element of the prima facie case in a felony-firearm prosecution; evidence of the operability of a firearm may have to be presented where a defendant raises the issue of whether a particular weapon is operable, but no such evidence is necessary in order for the prosecutor's case to survive a defendant's request for a directed verdict of acquittal.

3. WITNESSES — RES GESTAE WITNESSES — PROSECUTORS — DUE DILIGENCE.

The prosecutor has the duty to indorse all known res gestae witnesses and to use due diligence in producing them at trial.

4. WITNESSES — RES GESTAE WITNESSES — DUE DILIGENCE — CUMULATIVE TESTIMONY.

A finding that a prosecutor failed to exercise due diligence to produce a res gestae witness does not automatically require reversal of a defendant's conviction; production of a res gestae witness may be excused where the witness's testimony would be merely cumulative.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Charles Alpert,* for defendant on appeal.

Before: T. M. BURNS, P.J., and BRONSON and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted by a jury of the crimes of carrying a concealed weapon, MCL 750.227; MSA 28.424, possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to a prison term of six months to five years on the concealed weapon charge, a term of one to four years on the possession of heroin charge and a term of two years for the felony-firearm charge. He appeals as of right, raising three issues.

First, defendant contends that the trial court erred in improperly excluding a juror during the course of the trial.

In the instant case a jury of 13 was impaneled pursuant to authority granted under MCL 768.18; MSA 28.1041. The record indicates that on the third day of trial, a juror, Betty Love, entered the courtroom, approached defendant and his grandmother, shook their hands and said, "Good morning" and "God bless you". This incident was brought to the court's attention by the prosecutor. The court conducted a meeting in chambers on this matter at which counsel for all parties were present along with the juror in question. Following this meeting, the court concluded that the juror was potentially prejudiced and should be removed from the panel. At the close of the case the jury was reduced in number to 12 by the removal of this juror rather than by drawing lots as is the usual procedure. These remaining jurors entered a verdict of guilty against the defendant on all counts.

The defendant argues that the removal of the juror was arbitrary and constituted an abuse of discretion. We disagree.

The trial court is in the best position to investi-

gate and pass upon a juror's qualifications and the court's decision to remove a juror will be reversed only upon a finding of clear abuse of discretion. *People v Clyburn,* 55 Mich App 454; 222 NW2d 775 (1974). In this case the judge questioned the juror in the presence of counsel for all parties and concluded that the juror was potentially prejudiced. Clearly this is a ground for removal. GCR 1963, 511.4(4). It was implicit in the record that the removal was based on the juror's manifestations of friendliness and goodwill toward the defendant. Further there was the possibility that the juror might harbor some resentment against the prosecutor for bringing the incident to the court's attention. Under these circumstances we find no abuse of discretion on the part of the trial court in removing this juror.

Additionally, defendant's contention that the reduction of the jury panel to 12 members by the removal of this juror violated his right to have a jury chosen by lot is without merit. The procedure followed by the trial court was proper. *People . v Van Camp,* 356 Mich 593; 97 NW2d 726 (1959).

Defendant next argues that the trial court erred in denying his motion for a directed verdict on the charge of possession of a firearm during the commission of a felony. Specifically, defendant contends that the prosecutor failed to establish that the weapon used by defendant was in operable condition.

A "firearm" is defined in MCL 8.3t; MSA 2.212(20) as follows:

"The word 'firearm', except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun

designed and manufactured exclusively for propelling BB's not exceeding .177 calibre by means of spring, gas or air."

We agree with the position taken in *People v Gibson,* 94 Mich App 172; 288 NW2d 366 (1979), that the prosecutor need not present proof of operability as an element of the prima facie case in a felony-firearm prosecution. To hold otherwise could prevent prosecution under the statute in cases where the weapon is not recovered, even though the victim testifies to its existence. Additionally, as was noted in *Gibson,* "[a] contrary requirement would be inconsistent with the legislative intent of discouraging the practice of carrying guns in circumstances where harm is apt to occur". *People v Gibson, supra,* 177.

In cases where the defendant raises the issue of whether a particular weapon is operable, and, as such, a "firearm" under the statute, the prosecution may have to present evidence on operability to convince the trier of fact that an operable "firearm" was actually present. In order to survive a request for a directed verdict, however, no such evidence is needed. In the instant case, while the prosecution was under no duty to present evidence of the gun's operability, it did establish that certain .22-caliber revolvers used in the commission of the charged felony possessed the necessary firing mechanisms and were in apparent working order. This showing went far beyond what was necessary to establish a prima facie case, and the trial court's denial of defendant's motion for a directed verdict was, accordingly, proper.

Defendant's final claim of error is that the trial court improperly refused to charge the jury that the failure of the prosecution to produce at trial a missing res gestae witness should lead to a pre-

sumption that the testimony of this witness would have been unfavorable to the prosecution.[1]

The absent witness was a police officer, Sergeant Slegianes. The officer, acting in the course of his official duties, performed a series of preliminary tests on suspected heroin seized from the defendant and constituted part of the chain of custody for this heroin. The record indicates that the officer would have testified that these preliminary tests failed to establish that the substance seized from defendant was in fact heroin. The defendant contends the court's failure to give the requested instructions constituted reversible error. We disagree.

The prosecutor has the duty to endorse all known res gestae witnesses and to use due diligence in producing them at trial. *People v Crable,* 33 Mich App 254; 189 NW2d 740 (1971). In the instant case, the court failed to give timely notice of the date of trial to the people's witnesses. The record reflects that upon receiving notice of the trial date the prosecutor made efforts to locate Officer Slegianes and to secure his presence at trial. These efforts were unavailing. Prior to trial, the officer began an extended vacation in the Upper Peninsula of this state and could not be located in time to attend the trial. The court excused the nonproduction of this witness, finding the prosecutor had used "due diligence" to secure his presence. It concluded that the failure to produce the witness was the result of negligence on the part of the court system and was not the fault of the prosecutor.

---

[1] Contrary to the prosecution's assertion, this issue is properly raised on appeal. The court heard evidence on this issue and found that the prosecution had exercised due diligence. In such a case, the issue is preserved for appeal even absent a motion for a new trial. *People v Biondo,* 89 Mich App 96; 279 NW2d 330 (1979).

We find that the court's conclusion that the prosecutor exercised due diligence in securing the presence of this witness was error.

The responsibility for the production of the witness was the prosecutor's and it could not be shifted to the trial court. The fact that the court failed to give timely notice did not affect the prosecutor's primary responsibility in this regard. The record indicates that the prosecutor had notice of the trial date ten months prior to the time of trial. Notwithstanding this, he failed to take steps to insure the production of the witness at trial until it was too late. Under these circumstances, the trial court's finding of due diligence on the part of the prosecutor amounted to an abuse of discretion.

Our finding that the prosecutor failed to exercise due diligence to produce this res gestae witness does not automatically require a reversal. Production of such a witness is not required where the testimony would be merely cumulative. *People v Hendrix,* 81 Mich App 33; 264 NW2d 108 (1978).

In this case the testimony of Officer Slegianes would have been superfluous. At trial, the defendant benefited from the testimony of another police officer, Sergeant Morrison, who testified that he had personal knowledge that the initial tests on the substance seized from the defendant failed to establish that it was heroin. Since this testimony was substantially the same as that expected from Officer Slegianes, it cannot be said that the failure to produce the witness was prejudicial to the defendant's case. Additionally, the significance of the testimony concerning the results of the initial tests was diminished by the fact that an expert witness testified that later testing revealed the substance was, in fact, heroin.

Defendant also asserted that the missing witness was essential to establish a chain of custody for the heroin. We feel that the testimony of Sergeant Slegianes on this point would have been, again, merely cumulative. At trial, Sergeant Morrison and the expert witnesses who testified concerning this heroin sufficiently identified it as being the same substance that had been seized from the defendant. Particularly they testified to the receipt, testing and storage of the substance and in this way established a chain of custody.

We conclude that the failure of the prosecution to produce this res gestae witness was harmless error.

Affirmed.