PEOPLE v BERBERICH

Docket No. 51795. Submitted March 3, 1981, at Lansing.—Decided April 10, 1981.

Jerry A. Berberich was convicted, on his pleas of guilty, of armed robbery and felony-firearm in Oakland Circuit Court, Steven N. Andrews, J. The defendant appeals, alleging that 1) the factual basis of his conviction of possession of a firearm during the commission of a felony is insufficient because the trial court did not determine the operational capability of the shotgun, and 2) that his conviction for felony-firearm should be reversed since personal possession of a firearm by the person charged with the offense is necessary for a conviction under the statute. *Held:*

1. Whether the shotgun was operable or not does not affect the validity of the defendant's conviction since a shotgun is obviously a firearm within the statutory definition.

2. The defendant's conviction of felony-firearm and armed robbery are valid since one may be convicted under the felony-firearm statute as an aider and abettor even if he did not carry the firearm.

Affirmed.

M. F. CAVANAGH, P.J., dissented. He would vacate the felony-firearm conviction and affirm the conviction for armed robbery. He believes that personal possession of the firearm is necessary for conviction of felony-firearm.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY-FIREARM — OPERABILITY OF FIREARM.

A prosecuting attorney need not present proof of operability of the firearm as an element of the prima facie case in a felony-firearm prosecution.

REFERENCES FOR POINTS IN HEADNOTES
[1] 79 Am Jur 2d, Weapons and Firearms § 16.
Robbery by means of toy or simulated gun or pistol. 81 ALR3d 1006.
[2] 21 Am Jur 2d, Criminal Law § 115 *et seq.*
67 Am Jur 2d, Robbery § 9.

DISSENT BY M. F. CAVANAGH, P.J.

2. CRIMINAL LAW — FELONY-FIREARM — AIDERS AND ABETTORS.

*The felony-firearm statute requires for a finding of guilt that a defendant personally carry or have in his possession a firearm; an aider and abettor in an armed robbery who was not armed may not be convicted of felony-firearm.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*James M. Radabaugh,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and J. H. GILLIS and ALLEN, JJ.

PER CURIAM. On February 5, 1980, defendant pled guilty to robbery armed, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Sentenced to serve 2 years in prison on the felony-firearm charge, followed by an additional 1 to 15 years in prison on the charge of armed robbery, defendant appeals of right raising two issues, each pertaining to the felony-firearm conviction.

At the plea-taking proceedings, defendant stated that he drove two codefendants, Holiday Littke and Kennett Kenny, to a private residence in Farmington Hills which Kenny and Littke then proceeded to enter and rob. Littke entered the premises first, followed by Kenny, who carried an unloaded shotgun. Defendant, who had remained outside, was then summoned to the house by Kenny. There he was given "items stacked by the door" which he began "taking out to the car". At

no time did defendant ever possess or carry the unloaded shotgun charged in the information.[1]

On appeal, defendant first contends that the factual basis of the conviction of possession of a firearm during the commission of a felony is insufficient because the trial court did not determine the operational capability of the shotgun itself. Citing *People v Gee,* 97 Mich App 422; 296 NW2d 52 (1980), defendant contends it is incumbent upon the Court to determine if a dangerous projectile might be propelled from the weapon. We disagree. In *People v Gibson,* 94 Mich App 172, 176; 288 NW2d 366 (1979), this Court held that whether the gun was operable or not does not affect a conviction for armed robbery. In *People v Mason,* 96 Mich App 47, 51; 292 NW2d 480 (1980), we held that the prosecution "need not present proof of operability as an element of the prima facie case in a felony-firearm prosecution". *Gee, supra,* involved a BB gun, the question being whether the size of the pellet it fired made it a "firearm" under that section of the statute which requires the BB's propelled therefrom to exceed .177 calibre. Thus, *Gee* is inapplicable in the instant case, since a shotgun is obviously a "firearm" within the statutory definition.

Defendant next contends that personal possession of a firearm by the person charged with the offense is necessary for a conviction under the statute. Diverse panels of the Court of Appeals have reached different conclusions as to whether an aider and abettor who does not personally carry a firearm may be convicted under the stat-

[1] One of the items stacked by the door and carried out to the car by defendant was a gun. However, this was not the shotgun which codefendant Kenny carried into the house and which was used to support the factual basis for defendant's felony-firearm plea.

ute.[2] The question is now with the Supreme Court on leave granted. No useful purpose is served in reciting the respective arguments. Suffice it to say that two members of the present panel have held that personal possession of a firearm is not required and one member of the instant panel has held that personal possession is required. A majority of this panel having decided that one may be convicted under the statute as an aider and abettor even if he did not carry the firearm, defendant's plea conviction for both armed robbery and felony-firearm is affirmed.

Affirmed.

M. F. Cavanagh, P.J. (dissenting). For the reasons set forth in *People v Majors,* 104 Mich App 684; 305 NW2d 293 (1981), I respectfully dissent from the holding that the felony-firearm statute does not require personal possession of a firearm. I would vacate the felony-firearm conviction and affirm the conviction for armed robbery.

---

[2] Holding that personal possession is required are: *People v Powell,* 90 Mich App 273; 282 NW2d 803 (1979), *People v Walter Johnson,* 85 Mich App 654; 272 NW2d 605 (1978), and *People v Majors,* 104 Mich App 684; 305 NW2d 293 (1981). Upholding the people's position are: *People v Tavolacci,* 88 Mich App 470; 276 NW2d 919 (1979), *lv gtd* 407 Mich 882 (1979), *People v Atkins,* 93 Mich App 524; 286 NW2d 901 (1979), *People v Bynum,* 93 Mich App 563; 287 NW2d 290 (1979), *People v Duckett,* 94 Mich App 718; 290 NW2d 64 (1980), *People v Wimbush,* 94 Mich App 152; 288 NW2d 375 (1979), *People v Sullivan,* 97 Mich App 488; 296 NW2d 81 (1980), and *People v Turner,* 99 Mich App 733; 298 NW2d 848 (1980).