### PEOPLE v STEVENS

*Docket No. 63890. Decided October 3, 1980. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to the circuit court for dismissal of the charge. Rehearing denied December 23, 1980.*

Rodney W. Stevens was charged with felonious assault as a result of pointing a loaded modified starter pistol at the occupants of a car. Upon the defendant's motion to quash the information, the parties stipulated that the pistol contained eight rounds of .22-caliber ammunition but that it was impossible to fire it. The Jackson Circuit Court, Charles J. Falahee, J., granted the motion to quash on the ground that the inoperable pistol was not a dangerous weapon within the meaning of the felonious assault statute. The Court of Appeals, Bashara and D. E. Holbrook, Jr., JJ. (Cavanagh, P.J., dissenting), reversed, holding that if the victim perceives an object such as a handgun and believes that object to be a dangerous weapon, then a prima facie case of felonious assault is made out (Docket No. 78-1700). Upon application by the defendant for leave to appeal, the Supreme Court *held:*

The victim's reasonable apprehension can establish the element of an assault in a prosecution for felonious assault, but it cannot transform the object used into a dangerous weapon. The only reason for concluding that the starter pistol used in this case was a dangerous weapon is the theory that it was a "gun", "revolver", or "pistol", because there is no claim that the defendant attempted or appeared to use it as a striking weapon. The statutes do not define the terms "gun" or "revolver"; the only plausible interpretation of the words "gun, revolver, pistol" used in the felonious assault statute is that they refer to assaults with firearms. The statutory definition of "firearm" includes any weapon from which a dangerous projectile may be propelled. The starter pistol used in this case was

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery §§ 3, 4.
[2] 6 Am Jur 2d, Assault and Battery §§ 53, 54.

not capable of propelling a dangerous projectile, and thus its use in an assault did not violate the felonious assault statute.

The judgment of the Court of Appeals is reversed and the case remanded to the circuit court for dismissal of the charge.

92 Mich App 427; 285 NW2d 316 (1979) reversed.

1. ASSAULT AND BATTERY — FELONIOUS ASSAULT — ELEMENTS OF CRIME — DANGEROUS WEAPON — APPREHENSION.

The victim's reasonable apprehension can establish the element of an assault in a prosecution for felonious assault, but it cannot transform an object used in the assault into a dangerous weapon (MCL 750.82; MSA 28.277).

2. ASSAULT AND BATTERY — FELONIOUS ASSAULT — DANGEROUS WEAPON — INOPERABLE PISTOL.

A starter pistol which has been modified and loaded with ammunition but which cannot be fired because of its construction is not capable of propelling a dangerous projectile and is thus not a gun, revolver, or pistol within the meaning of the felonious assault statute (MCL 750.82; MSA 28.277).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Jacobs & Engle* (by *Frederick J. Gentner)* for the defendant.

PER CURIAM. The question presented by the defendant's application for leave to appeal is whether a totally inoperable pistol can constitute a "dangerous weapon" so as to support a conviction of felonious assault under MCL 750.82; MSA 28.277. We hold that it cannot.

I

The defendant, while a passenger in a car, pointed a starter pistol at the occupants of another vehicle after an exchange of insults. He was charged under MCL 750.82; MSA 28.277:

"Any person who shall assault another with a gun, revolver, pistol, knife, iron bar, club, brass knuckles or other dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder, shall be guilty of a felony."

The defendant moved to quash the information, and the parties stipulated that, for the purposes of the motion, the weapon involved was a starter pistol with the barrel bored out, containing eight live .22 caliber shells, but with the firing pin filed down to the point that it would not be possible to fire the pistol.

The trial judge granted the motion to quash on the ground that since the pistol was inoperable, it was not a "dangerous weapon" within the meaning of the statute.

The Court of Appeals reversed. The majority pointed out that in using the word "gun" the statute does not refer to its caliber or its operability. The majority relied on the definition of "assault" in *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978), in which we held that a simple criminal assault consists of either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery. The Court of Appeals said that if the victim perceives an object such as a handgun and believes it to be a dangerous weapon, a prima facie case of felonious assault is made out.

## II

We agree with Judge CAVANAGH's dissenting opinion that more is required. Certainly, under *People v Sanford, supra,* and *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), the

victim's reasonable apprehension can establish the element of an assault in a felonious assault prosecution under MCL 750.82; MSA 28.277. However, those cases provide no authority for the conclusion that the victim's apprehension of an object can transform it into a "dangerous weapon".[1]

In this case, there is nothing to suggest a basis for concluding that the starter pistol was a "dangerous weapon" other than the theory that it was a "gun, revolver, [or] pistol".[2] While the statutes do not define the terms "gun" or "revolver",[3] we can see no other plausible interpretation of that series of words than that it applies to assaults with firearms. The term "firearm" is defined by law:

"The word 'firearm', except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, * * *." MCL 8.3t; MSA 2.212(20).

The starter pistol in this case was not capable of propelling a dangerous projectile, and thus its use in an assault did not violate MCL 750.82; MSA 28.277.

Accordingly, in lieu of granting leave to appeal,

---

[1] We note that the Legislature chose not to include language in the felonious assault statute like that found in the armed robbery statute, which permits conviction on the ground that the perpetrator committed the robbery with an "article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon." MCL 750.529; MSA 28.797.

[2] That is, there is no claim that the defendant attempted or appeared to use the starter pistol as a striking weapon.

[3] The word "pistol" is defined by several statutes. For example MCL 28.421; MSA 28.91 states:

"As used in this act:

"(a) 'Pistol' means any firearm, loaded or unloaded, 30 inches or less in length * * *."

pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand the case to the circuit court for dismissal of the charge against the defendant.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.