PEOPLE v PIERCE

Docket No. 58822. Submitted May 6, 1982, at Detroit.—Decided September 23, 1982.

Glenn W. Pierce pled guilty in Detroit Recorder's Court to charges of assault with intent to commit robbery while armed and of violating the felony-firearm statute and was sentenced, Joseph A. Gillis, J. Defendant appeals. *Held:*

1. The fact that the weapon defendant used in the assault was incapable of firing due to a broken spring on the firing pin does not prevent defendant's being found guilty of violating the felony-firearm statute.

2. Defendant's guilty plea conformed to the requirements set forth in the court rules.

Affirmed.

CRIMINAL LAW — FELONY-FIREARM.

A prosecutor need not present proof of operability of a firearm in a prosecution for a felony-firearm violation (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Steven Rabinovitz,* for defendant on appeal.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

PER CURIAM. Defendant pled guilty on March 24, 1981, to assault with intent to commit robbery

REFERENCE FOR POINTS IN HEADNOTE
79 Am Jur 2d, Weapons and Firearms § 16.

while armed, MCL 750.89; MSA 28.284, and to felony-firearm, MCL 750.227b; MSA 28.424(2), and was sentenced to serve consecutive sentences of 6 to 20 years and 2 years imprisonment. Defendant appeals as of right.

On appeal, defendant contends that because the weapon he used in the assault was incapable of firing due to a broken spring on the firing pin, he is not guilty of felony-firearm. This issue has been decided in *People v Jackson*, 108 Mich App 346; 310 NW2d 238 (1981); *People v Berberich*, 105 Mich App 421; 306 NW2d 536 (1981); *People v Mason*, 96 Mich App 47; 292 NW2d 480 (1980); *People v Boswell*, 95 Mich App 405; 291 NW2d 57 (1980); *People v Stephenson*, 94 Mich App 300; 288 NW2d 364 (1979); and *People v Gibson*, 94 Mich App 172; 288 NW2d 366 (1979), *rev'd on other grounds* 411 Mich 993; 308 NW2d 111 (1981).[1] These cases held that the Legislature intended to include an inoperable firearm within the statute.

None of these cases, however, considered *People v Stevens*, 409 Mich 564; 297 NW2d 120 (1980). There, a unanimous Court held that a totally inoperable pistol cannot constitute a "dangerous weapon" under the felonious assault statute. MCL 750.82; MSA 28.277. The weapon "was a starter pistol with the barrel bored out, containing eight live .22 caliber shells, but with the firing pin filed down to the point that it would not be possible to fire the pistol". *Stevens*, p 566. The Supreme Court acknowledged that felonious assault requires the

---

[1] Actually, these cases did not deal with a gun actually inoperable but with the prosecutor's duty to prove operability in the prima facie case. However, no real distinction can be made. If we find that the prosecutor need not prove operability but that a gun proven inoperable will not sustain a felony-firearm conviction, we would be holding that operability is in fact an element of the crime but the burden of disproving this element would lie with the defendant. Of course, the prosecutor bears the burden of proving all material elements.

victim's reasonable apprehension. However, it also requires more: "the victim's apprehension of an object can [not] transform it into a 'dangerous weapon'". (Footnote omitted.) *Stevens,* p 567. The Supreme Court ruled that, because the gun was inoperable, it could not be considered a "firearm" as defined by law:

"In this case, there is nothing to suggest a basis for concluding that the starter pistol was a 'dangerous weapon' other than the theory that it was a 'gun, revolver, [or] pistol'. While the statutes do not define the terms 'gun' or 'revolver', we can see no other plausible interpretation of that series of words than that it applies to assaults with firearms. The term 'firearm' is defined by law:

" 'The word "firearm", except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, * * *.' MCL 8.3t; MSA 2.212(20).

"The starter pistol in this case was not capable of propelling a dangerous projectile, and thus its use in an assault did not violate MCL 750.82; MSA 28.277." (Footnotes omitted.) *Stevens,* p 567.

Although the *Stevens* opinion deals with the felonious assault statute, its reasoning seems to strongly apply to the felony-firearm statute. Policy considerations bid us to continue stating that operability need not be proved, however. We believe that the Legislature clearly intended the statute to discourage carrying guns whether operable or not. *Gibson, supra.* The statute has a very broad deterrent purpose. *Boswell, supra.* If the prosecution must prove operability, a defendant could not be convicted of felony-firearm if the gun is never recovered even if the victim testifies that he saw the gun. *Mason, supra.* A prime concern behind

the felony-firearm statute is to protect the victim. The victim is no less frightened if the gun (most likely unknown to him) just happens to be inoperable. The state clearly intends to protect such a victim.[2]

We encourage both the Supreme Court and the Legislature to clear up this matter and provide us with a definitive answer. In the meantime, we will continue following the policy reasons underlying our past decisions on this issue.

Defendant also argues that his plea was not knowingly entered. We disagree. Under the standard required by GCR 1963, 785.7 we find that defendant voluntarily pled guilty.

Affirmed.

---

[2] Of course, such considerations are also present if the assailant places a comb in his pocket and makes it look like a gun. Two conceivable theories underlie felony-firearm. It could have been enacted to protect the victim as outlined above. It could also be a sentencing enhancement to deter the assailant from carrying a dangerous weapon. The first theory considers a gun's inoperability irrelevant. The second theory would allow a conviction only if the gun is in fact dangerous. Armed robbery, MCL 750.529; MSA 28.797, clearly relies on the first theory. Although felony-firearm relies on the dangerous weapon theory more than armed robbery (the comb example above would not support felony-firearm yet would support armed robbery), it relies on the fear theory sufficiently that a gun's inoperability is irrelevant.