PEOPLE v BROACH

Docket No. 65879. Submitted April 13, 1983, at Detroit.—Decided
    June 22, 1983.
    Oran Broach was convicted of possession of heroin and felony-
    firearm, Recorder's Court of Detroit, Samuel C. Gardner, J.
    Defendant appealed, alleging that his felony-firearm conviction
    must be vacated for lack of any evidence that the gun in his
    possession was operable. *Held:*
        Conviction of felony-firearm does not require proof that the
    gun possessed was operable.
        Affirmed.

WEAPONS — FELONY-FIREARM — CRIMINAL LAW.
    Conviction of felony-firearm does not require proof that the gun
    possessed was operable.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Dep-
uty Chief, Civil and Appeals, and *Janice M. Joyce
Bartee,* Assistant Prosecuting Attorney, for the
people.

*Kenneth M. Mogill,* for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and
CYNAR, JJ.

PER CURIAM. Defendant was charged with pos-
session of heroin, MCL 333.7403; MSA 14.15(7403),
and felony-firearm, MCL 750.227b; MSA 28.424(2).

REFERENCES FOR POINTS IN HEADNOTE
79 Am Jur 2d, Weapons and Firearms §§ 3, 5, 16.
Robbery by means of toy or simulated gun or pistol. 81 ALR3d
    1006.

After a bench trial in Detroit Recorder's Court, defendant was found guilty as charged. He was sentenced to two years in prison for the felony-firearm conviction and was given a suspended sentence for the heroin conviction. Defendant appeals as of right.

Pursuant to a search warrant, Detroit narcotics officers conducted a search at an address on West Chicago in Detroit. While on the premises, a police officer searched defendant for offensive weapons. In conducting a pat-down search of defendant, the officer removed a .38 caliber revolver from defendant's waistband. The gun was loaded with six rounds of ammunition.

The search of defendant's person was a routine procedure done for the safety and protection of the police. Prior to the trial court's finding defendant guilty of both charges, defense counsel made a motion to quash the search as unconstitutional. This issue was taken up on an interlocutory appeal and was decided adversely to defendant, 111 Mich App 122; 314 NW2d 544 (1981). Additionally, defense counsel argued that the weapon did not fall within the provisions of the felony-firearm statute.

The issue for our determination is whether the prosecution must prove that the gun in defendant's possession was capable of firing a dangerous projectile in order to sustain defendant's conviction under the felony-firearm statute.

The felony-firearm statute states in pertinent part:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony." MCL 750.227b(1); MSA 28.424(2)(1).

Testimony at trial established that defendant was in possession of a loaded .38 caliber revolver during the commission of a narcotics felony. The weapon, however, was not test fired to determine whether it was functional. At the close of proofs, defense counsel claimed that the prosecutor did not prove that the weapon was operable and cited *People v Stevens,* 409 Mich 564; 297 NW2d 120 (1980), in support of his argument that the weapon had to be operable and capable of propelling a dangerous projectile in order to fit within the firearm definition of MCL 8.3t; MSA 2.212(20). Counsel reasoned that this statute was applicable because the felony-firearm statute did not define a "firearm".

On appeal, defendant raises the same argument, claiming that the Legislature intended to apply the general statutory definition of "firearm" as provided in MCL 8.3t; MSA 2.212(20) to the felony-firearm statute because it contains no definition of "firearm". Defendant maintains that, by virtue of this general definition, the weapon must be operable in order to be classified as a firearm in the state. Defendant claims that proof of operability is required in a felony-firearm prosecution. In support of his position, defendant relies on *Stevens,* in which case a starter pistol not capable of firing a dangerous projectile was determined not to be a gun, revolver or pistol within the meaning of the felonious assault statute.

MCL 8.3t; MSA 2.212(20) defines "firearm":

"The word 'firearm', except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling

BB's not exceeding .177 calibre by means of spring, gas or air."

In *People v Stephenson,* 94 Mich App 300, 301-302; 288 NW2d 364 (1979), after reading MCL 8.3t; MSA 2.212(20) which defines "firearm" and MCL 750.222; MSA 28.419 which defines "pistol" together, the Court determined that "it is clear that the term 'firearm' includes guns both loaded and unloaded and *[sic]* which 'may' fire a dangerous projectile by any of the means listed". But, see, *People v Gee,* 97 Mich App 422; 296 NW2d 52 (1980), where the Court, relying on the definition of a firearm as contained in MCL 8.3t; MSA 2.212(20), determined that possession of a pellet gun which propels projectiles not exceeding .177 caliber does not constitute possession of a "firearm" for the purpose of the felony-firearm statute, and *People v Schofield,* 124 Mich App 134; 333 NW2d 607 (1983), where the Court held that a toy gun which discharges no projectile is not a "firearm".

The issue raised by defendant has been previously considered. Under *People v Pierce,* 119 Mich App 780; 327 NW2d 359 (1982), and a number of cases cited therein, the prosecutor need not present proof of operability as an element of a prima facie case in a felony-firearm prosecution. In *Pierce,* this Court reasoned that the Legislature intended to include an inoperable firearm within the felony-firearm statute. After discussing the Supreme Court's holding in *Stevens,* this Court stated:

"Although the *Stevens* opinion deals with the felonious assault statute, its reasoning seems to strongly apply to the felony-firearm statute. *Policy considerations bid us to continue stating that operability need*

*not be proved, however.* We believe that the Legislature clearly intended the statute to discourage carrying guns whether operable or not. * * * The statute has a very broad deterrent purpose. * * * If the prosecution must prove operability, a defendant could not be convicted of felony-firearm if the gun is never recovered even if the victim testifies that he saw the gun. * * * A prime concern behind the felony-firearm statute is to protect the victim. The victim is no less frightened if the gun (most likely unknown to him) just happens to be inoperable. The state clearly intends to protect such a victim." (Citations and footnote omitted; emphasis added.) *Pierce, supra,* pp 782-783.

The *Pierce* Court concluded that it would continue to follow the underlying policy reasons in the past decisions of this Court which held that an inoperable firearm was included within the felony-firearm statute.

In *People v Prather,* 121 Mich App 324; 328 NW2d 556 (1982), the defendant did not know whether the gun would have fired because he never tried to fire it. The gun was never recovered. The Court found that the gun constituted a firearm within the meaning of the felony-firearm statute. The defendant's second claim was that an unloaded gun, which is not shown to have the capacity of being fired if loaded, is not a dangerous weapon within the meaning of the felonious assault statute. The *Prather* Court distinguished *Stevens* on its facts and held that the unloaded gun was a dangerous weapon for purposes of the felonious assault statute. The Court, in not following *Stevens,* noted that in *Stevens* the parties stipulated that the weapon involved, a starter pistol, was mechanically defective to the point of being incapable of being fired and therefore it was not a gun, revolver or pistol within the meaning of the felonious assault statute. In *Prather,* there was

no such stipulation. Unlike the starter pistol in *Stevens*, a .38 caliber gun is a weapon which is capable of propelling a dangerous projectile as enumerated in the felonious assault statute.

Based on established precedent, proof of operability of the weapon is not needed to include it within the prohibitions of the felony-firearm statute.

Affirmed.