# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM CHANCE STEPHENS,

Defendant-Appellant.

UNPUBLISHED
December 10, 2015

No. 322721
Van Buren Circuit Court
LC No. 13-019113-FC

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Defendant was convicted by a jury of voluntary manslaughter, MCL 750.321. He was sentenced as a second-offense habitual offender, MCL 769.10, to 142 to 270 months' imprisonment. Defendant appeals as of right. We affirm.

Defendant's conviction resulted from the stabbing death of the victim on the night of October 1, 2013, in Paw Paw, Michigan. The victim called 911 immediately after the stabbing and was later found lying on the ground in the parking lot of a Marathon gas station. He had sustained a total of five stab wounds, including two to his chest, two to his back, and one to his arm. Before ultimately succumbing to his wounds, the victim was able to tell responding police officers that "new boy" was the person who stabbed him. He further indicated that the stabbing had occurred across the street at the Lakeside Inn hotel. Police officers searched the victim's cellular telephone and found a contact named "new boy." That telephone number belonged to defendant. The officers then located defendant's hotel room that evening, but defendant was nowhere to be found. The hotel room showed no obvious signs of a struggle, and no blood was found in the room. Defendant was located the next morning in Battle Creek. The murder weapon was found in his vehicle, and he was observed to have blood stains on his clothing. He did not have any visible injuries. Defendant was later interviewed by police and charged with open murder.

Defendant testified at trial that he killed the victim in self-defense. He explained that he had been in town for work and had met the victim two days before the stabbing after being given his name and number from a prostitute from whom he was soliciting narcotics. Defendant recalled purchasing approximately $1,000 worth of cocaine through a series of transactions with the victim that first night before purchasing more on the night of the stabbing. On the night of the stabbing, the victim accompanied defendant to defendant's hotel room. While the victim

-1-

used the bathroom, defendant stepped out of the room for a brief moment. When he returned to the room, defendant realized that his briefcase, with money in it, was missing, and that the victim had it in the bathroom. A confrontation ensued, during which defendant claimed that the victim pinned him against the wall before reaching for his pocket, ostensibly to retrieve a weapon. Fearing for his life, defendant grabbed a knife out of his back pocket and stabbed the victim twice in the chest. He admitted taking a "third swipe" at the victim as he fled the room, and further admitted chasing the victim out of the hotel and into the street before fleeing the scene. He could not recall stabbing the victim in the back.

Defendant acknowledged that his trial testimony was inconsistent with the version of events he gave to police immediately after his arrest. Specifically, he acknowledged fixating on the robbery during his interview and repeatedly exclaiming that he "just wanted [his] money back," without fully explaining the circumstances of the stabbing or that he was in fear for his life. Defendant further acknowledged that he never actually saw the victim with a weapon on the night of the stabbing. He was ultimately convicted and sentenced as noted above.

Defendant first argues that he was deprived of the effective assistance of counsel based on numerous errors made by his trial counsel before and during trial. Defendant never raised these claims in the trial court, and we previously denied his motion to remand for a *Ginther*[1] evidentiary hearing.[2] Thus, our review of these claims is limited to errors apparent on the record. *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008). Whether a defendant received the effective assistance of counsel is a mixed question of fact and law that we review, respectively, for clear error and de novo. *People v Ackley*, 497 Mich 381, 388; __ NW2d __ (2015). "To obtain relief for the denial of the effective assistance of counsel, the defendant must show that counsel's performance fell short of . . . [an] objective standard of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the outcome . . . would have been different." *Id.* at 389 (citations and quotation marks omitted). A defendant must overcome the strong presumption that counsel's performance constituted sound trial strategy, but an appellate court is not permitted to insulate the review of counsel's performance by simply calling it trial strategy – the strategy must be sound, with decisions being objectively reasonable. *Id.* at 388-389. We must determine whether strategic choices were made after less than complete investigation or if a reasonable decision made an investigation unnecessary. *Id.* at 389.

Defendant first asserts that his trial counsel was ineffective for failing to investigate the victim's past criminal history or present evidence of that history in order to corroborate defendant's claim that he acted in self-defense. According to defendant, had his trial counsel performed adequately, the jury would have heard about the victim's previous charges or convictions for delivery of cocaine, carrying a concealed weapon, and resisting or obstructing a police officer, evidence which defendant claims would have been admissible under MRE 404(a)(2). We disagree. With respect to defendant's claim that his trial counsel failed to

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] *People v Stephens*, unpublished order of the Court of Appeals, entered February 13, 2015 (Docket No. 322721).

adequately investigate the case (specifically, facts pertaining to the victim's previous convictions), such a claim is not apparent from the record before us and is thus precluded from our review. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999) (a "defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel"); *Horn*, 279 Mich App at 38. Even assuming that defendant's trial counsel failed to adequately investigate the case, and that he was somehow objectively deficient for failing to attempt to introduce the proffered evidence, defendant cannot demonstrate that he was prejudiced thereby.

In a criminal trial where a defendant is charged with homicide and claims self-defense, the defendant is allowed, pursuant to MRE 404(a)(2) and MRE 405(a), to present evidence, in the form of opinion or reputation testimony, bearing on the character of the victim for aggressiveness as circumstantial evidence that, on the occasion at issue, the victim was the aggressor. *People v Harris*, 458 Mich 310, 315-316; 583 NW2d 680 (1998). Such evidence is admissible without regard to whether the defendant was previously aware of those character traits. *Id*. at 316. The *Harris* Court next explained:

> [W]here a defendant charged with murder asserts that he killed in self-defense, his state of mind at the time of the act is material because it is an important element in determining his justification for his belief in an impending attack by the deceased. The reputation of the deceased for a violent or turbulent disposition is a circumstance that would cause such a belief. However, unlike evidence tending to show that the victim was the aggressor, the deceased's violent reputation must be known to the defendant if he is to use it to show that he acted in self-defense. Reputation in the neighborhood where both live is sufficient with nothing more. The strength of the deceased as well as his habitual carrying of weapons or his possession of them at the time of the affray, if known to the defendant, should be considered as properly affecting his apprehensions. The purpose of this evidence is to show the defendant's state of mind; therefore, it is obvious that the victim's character, as affecting the defendant's apprehensions, must have become known to him, otherwise it is irrelevant. [*Id*. at 316-317 (citations and quotation marks omitted).]

Accordingly, character evidence can be employed as circumstantial evidence that a homicide victim was the aggressor, regardless of whether the defendant was aware of the evidence at the time of the killing, *and* character evidence can be used to show that the defendant had a reasonable apprehension of harm at the time of the killing for purposes of self-defense, but, in that situation, the defendant must have known of the evidence when the killing occurred. The importance of the distinction between these two premises is that, under MRE 405, which governs the methods of proving character, character evidence that is offered to show that the victim was the aggressor must be in the form of reputation or opinion testimony only and cannot include specific instances of conduct. MRE 405(a); *Harris*, 458 Mich at 319. On the other hand, under MRE 405(b), character evidence that is offered to show that a defendant had a reasonable apprehension of harm may be in the form of specific instances of conduct, e.g., prior violent crimes committed by the victim, given that the evidence would pertain to an essential element of self-defense. *Harris*, 458 Mich at 318-319. Here, we are addressing whether trial counsel should have attempted to introduce the victim's prior criminal acts and related convictions, which would necessarily constitute evidence in the form of specific instances of conduct, not

reputation or opinion testimony. Therefore, to the extent that defendant's appellate argument goes to the issue of whether the victim was the aggressor, the evidence was inadmissible, because, on that matter, only opinion or reputation testimony could have been used. To the extent that defendant's appellate argument goes to the issue of whether defendant had a reasonable apprehension of fear, the argument also fails, because, even though such a proposition could be supported by showing specific instances of conduct, defendant fails to contend, let alone point to any evidence in the record showing, that he was aware of the victim's prior criminal acts and convictions when he stabbed the victim. In sum, defendant has failed to establish the requisite prejudice.

As further proof of his trial counsel's ineffective assistance, defendant asserts that he had previously told his attorney, before trial, that two days before the stabbing, he had observed the victim with a handgun while purchasing cocaine from him. Yet, his trial counsel failed to present this evidence. Again, however, it is not apparent from the record that defendant told his trial counsel about this observation before trial. *Hoag*, 460 Mich at 6; *Horn*, 279 Mich App at 38. In any event, we note that defendant testified in his own defense at trial and was given virtually free rein to explain his side of the story. Despite expressing his general belief that drug dealers carry weapons, he never specifically indicated that he saw the victim with a gun. Indeed, defendant's attorney asked defendant during his testimony the following question, "Why did you think he might be going for a weapon?" Defendant then gave the response about the general practice of drug dealers, even though the question posed a clear opportunity to assert prior observance of the victim with a gun.

Defendant next asserts that his trial counsel was ineffective for failing to investigate the hotel room where the stabbing occurred. Such investigation, according to defendant, could have shed light on whether it was possible for an altercation to have occurred without disturbing the contents of the room, and could have undermined the prosecution's theory that no struggle occurred because there were no obvious signs of such a struggle. Again, however, it is not apparent from the record that defendant's trial counsel actually failed to investigate the hotel room, and this claim is therefore precluded from our review. *Hoag*, 460 Mich at 6; *Horn*, 279 Mich App at 38. In any event, even assuming that trial counsel failed to investigate the hotel room, there is no reasonable probability that it affected the outcome of his trial. Defendant's assertion that it was possible for an altercation to have taken place in the hotel room without disturbing anything is purely speculative. Mere speculation as to a change in outcome will not suffice to establish the prejudice prong of an ineffective assistance of counsel claim. See *Hoag*, 460 Mich at 8.

Defendant next asserts that his trial counsel was ineffective for failing to object to the trial court's refusal to allow the jury to view the hotel room during its deliberations. The error was compounded, according to defendant, by the fact that he was not even present when this decision was made and his trial counsel therefore did not discuss the matter with him. We disagree. It appears from the record that defendant's trial counsel affirmatively assented to the trial court's handling of the matter. There are a "range of possible reasons" why trial counsel acquiesced or failed to object, *People v Gioglio (On Remand)*, 296 Mich App 12, 23; 815 NW2d 589 (2012), vacated in part on other grounds, 493 Mich 864 (2012), including that trial counsel could have thought it more beneficial for the jury to speculate about the features of the hotel room—and consequently, about the ability to have an altercation without disturbing anything—

-4-

than to run the risk that it would view the room and confirm that defendant's version of events was unlikely. Because there "might have been a legitimate strategic reason" for trial counsel's decision, that decision fell within the range of reasonable professional conduct. *Id*. Moreover, to the extent that trial counsel assented to the trial court's handling of the matter without conferring with defendant, trial counsel is given authority to handle such matters of trial strategy without defendant's input, and it thus cannot be said that trial counsel's actions were objectively unreasonable. See *People Carter*, 462 Mich 206, 218-219; 612 NW2d 144 (2000).

In his Standard 4 brief, filed *in propria persona* pursuant to Supreme Court Administrative Order No. 2004-06, Standard 4, defendant raises additional claims of ineffective assistance of counsel, each of which we find to be without merit.

Defendant first argues that his trial counsel was ineffective for failing to familiarize himself with the "facts, circumstances, and laws" involved in this case, specifically those pertaining to self-defense and the "castle-doctrine." We disagree. Defendant's only claim in this regard is that, had his trial counsel been more familiar with the "castle doctrine," he would have objected to an erroneous jury instruction regarding the duty to retreat. However, our review of the record reveals that the instructions on self-defense given by the trial court were an almost verbatim reading of the Model Criminal Jury Instructions (M Crim JIs), specifically M Crim JI 7.15, 7.16, and 7.20. The instructions accurately stated the law in Michigan, see MCL 780.971 *et seq.* (Self-Defense Act), fairly presented the issues to be tried, and they adequately protected defendant's rights, *People v Henderson*, 306 Mich App 1, 4; 854 NW2d 234 (2014). Any objection by defendant's trial counsel thus would have been futile. Trial counsel is not ineffective for failing to raise a meritless objection. See *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011).

Defendant next argues that his trial counsel was ineffective for failing to object to the trial court's instructions regarding intent and the jury's freedom to infer defendant's state of mind from the use of a dangerous weapon. Again, however, these instructions were consistent with longstanding precedent, as well as the M Crim JIs. M Crim JI 16.21; *People v Stevens*, 306 Mich App 620, 629; 858 NW2d 98 (2014) (intent can be inferred from the use of a dangerous weapon). Trial counsel was not ineffective for failing to raise a meritless objection. *Fonville*, 291 Mich App at 384.

Defendant finally claims that his trial counsel was ineffective for failing to object to a host of improper remarks made by the prosecutor during his closing argument. We disagree. "[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). After reviewing the record, we find that the bulk of defendant's claims of prosecutorial misconduct lack merit. That is, contrary to defendant's assertions, the prosecutor was properly arguing his theory of the case based on the evidence and reasonable inferences drawn therefrom, and his comments did not overstep the bounds of propriety. See *People v McGhee*, 268 Mich App 600, 635; 709 NW2d 595 (2005); *People v Callon*, 256 Mich App 312, 330; 662 NW2d 501 (2003). The only potentially meritorious claim is with respect to the prosecutor's comment, during rebuttal argument, that he did *not* have the burden of proof. The prosecutor initiated his rebuttal by stating, "Ladies and gentlemen, as I stated before[,] I get to speak to you one more time because I don't have the burden of proof in this case." We surmise that this may be a typographical error

in the transcript, as defense counsel would likely have voiced an immediate objection to such a claim, which did not occur, or perhaps the prosecutor simply misspoke. The remainder of his rebuttal clearly reflected an appreciation and understanding that the prosecution had the burden of proof. Regardless, any prejudice stemming from this misstatement or any other challenged remark was alleviated by the trial court's final instructions, wherein the jury was informed that the statements of the attorneys are not evidence, that the jury is the finder of fact, that the jury should decide the case based upon the evidence and not on sympathy or prejudice, that defendant is presumed innocent, and that the prosecution has the burden to prove defendant's guilt beyond a reasonable doubt. "Jurors are presumed to follow their instructions, and it is presumed that instructions cure most errors." *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). The prosecutor's closing remarks did not deny defendant a fair and impartial trial, *Dobek*, 274 Mich App at 63, and defendant was not denied the effective assistance of counsel when his trial counsel failed to object.

Defendant next argues that the trial court erred when it denied the jury's request to visit the hotel room during its deliberations. Defendant further argues that his due process rights were violated when the trial court made that decision without defendant being present. We disagree. First, we conclude that defendant has waived any argument with regard to the propriety of the trial court's decision on this matter, inasmuch as the record reflects that the decision was made after consultation with defendant's trial counsel. As noted above, trial counsel's affirmative acquiescence to the trial court's handling of the matter does not support an ineffective assistance claim. "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *Carter*, 462 Mich at 215 (citations and quotation marks omitted); see also *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) ("When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver."). In any event, we cannot conclude, based on this record, that the trial court's decision constituted an abuse of discretion. *People v Herndon*, 246 Mich App 371, 418; 633 NW2d 376 (2001). With respect to defendant's claimed absence when the trial court decided this matter, defendant was absent, if at all,[3] for only a short period of time during the jury's deliberations and was present for all other phases of trial. Moreover, while defendant may have been absent when the trial court discussed the jury's request to visit the hotel room, there is no dispute that his trial counsel was present. Defendant was not prejudiced. *People v Buie (On Remand)*, 298 Mich App 50, 59; 825 NW2d 361 (2012).

Defendant next argues that the trial court erred by allowing the admission of a surveillance video from the Marathon gas station depicting the victim, visibly distressed and covered in blood, seeking help. We review a trial court's decision whether to admit evidence for an abuse of discretion, but review preliminary questions of law, such as whether a rule of evidence precludes admissibility, de novo. *People v Lukity*, 460 Mich 484, 488; 596 NW2d 607 (1999). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013).

---

[3] We note that it is impossible, from the record before us, to substantiate defendant's claim that he was not present when the trial court addressed the jury's request to visit the crime scene.

The evidence simply depicted the result of what had just occurred in the hotel room, i.e., that the victim had been stabbed multiple times. There was graphic unchallenged testimony regarding the nature of the wounds from multiple witnesses, including testimony by the forensic pathologist who conducted the autopsy, and numerous autopsy photographs were admitted into evidence, which introduction is not challenged on appeal. Under these circumstances, we conclude that, assuming for the sake of argument that there was error in admitting the video, the presumed error was entirely harmless, as the evidence clearly did not affect the outcome of the proceedings. MCL 769.26; *Lukity*, 460 Mich at 495-496.

Defendant finally argues that the evidence presented at trial was insufficient to overcome his claim of self-defense. In his Standard 4 brief, defendant raises the same claim and also argues that the evidence was insufficient for the jury to convict him of voluntary manslaughter. We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

"An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual . . . [when] [t]he individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual." MCL 780.972(1)(a). Because self-defense is an affirmative defense, the defendant bears the initial burden of producing some evidence of that defense. *People v DuPree*, 486 Mich 693, 709-710; 788 NW2d 399 (2010). "[O]nce the defendant satisfies the initial burden of production, the prosecution bears the burden of disproving the . . . defense of self-defense beyond a reasonable doubt." *Id.* at 710; see also M Crim JI 7.20. The determination of whether the accused acted in self-defense is ultimately a question of fact for the jury. *People v Prather*, 121 Mich App 324, 330; 328 NW2d 556 (1982).

There was sufficient evidence to negate defendant's claim of self-defense beyond a reasonable doubt. Defendant testified that the stabbing was the end result of an altercation with the victim that occurred after defendant discovered the victim was stealing money from him. He further testified that during this altercation, the victim pinned him against the wall and reached for his pocket, as if to retrieve a weapon. Defendant acknowledged, however, that this version of events was inconsistent with the version he previously gave during his police interview, in which

he repeatedly claimed that he "just wanted [his] money back" but never described a life-and-death struggle with the victim during which he feared for his life. Moreover, despite testifying that he was in fear that the victim was reaching for a weapon, defendant acknowledged at trial that he never saw the victim with a weapon that night; rather, he merely believed the victim might have a weapon because, in his experience, drug dealers carry weapons. Moreover, despite claiming that he stabbed the victim in self-defense, he did not deny that he also stabbed the victim twice in the back or that he chased the victim. Finally, despite claiming that the struggle occurred in the hotel room, near the threshold of the bathroom door, nothing in that area—such as furniture—was disturbed and there was no blood found in the hotel room. Given the inconsistencies between defendant's trial testimony, his interview, and the physical evidence, the jury could have reasonably concluded that defendant's account of the physical altercation with the victim was fabricated. Alternatively, the jury could have reasonably concluded that while an altercation occurred, defendant was the aggressor and his belief of imminent danger was either not honest or was unreasonable. Finally, the jury could have reasonably found that while the victim attacked defendant, there were other, less lethal ways of repelling that attack. Having had the "special opportunity to weigh the evidence and assess the credibility of the witnesses," the jury's determination must be accorded deference on appeal. *Unger*, 278 Mich App at 228-229.

There was also sufficient evidence to support his conviction for voluntary manslaughter. As noted above, defendant explained stabbing the victim in the midst of a physical altercation after the victim stole his money. While the jury obviously rejected defendant's claim of self-defense, it nevertheless could have reasonably concluded that defendant acted in the heat of passion in response to adequate provocation—i.e., the victim stealing his money and then fighting with him—without having adequate time to control himself. See *People v Mitchell*, 301 Mich App 282, 286; 835 NW2d 615 (2013). Thus, the jury's verdict was supported by sufficient evidence.

Affirmed.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra

-8-