PEOPLE v GEE

Docket No. 48071. Submitted April 10, 1980, at Lansing.—Decided May 6, 1980.

    Leno G. Gee (hereinafter defendant) was convicted, on his plea of guilty, of armed robbery and possession of a firearm in the commission of a felony, Oakland Circuit Court, John N. O'Brien, J. Defendant was sentenced to 3 to 20 years imprisonment on the armed robbery conviction and to the mandatory two years on the felony-firearm conviction. At the proceeding on the plea, defendant stated that he used a pellet gun in the armed robbery. Defendant now appeals, alleging that a pellet gun is not and cannot be considered a firearm under the felony-firearm statute. *Held:*

    Possession of a pellet gun which propels projectiles not exceeding .177 calibre does not constitute possession of a "firearm" in the commission of a felony under the Michigan felony-firearm statute. The case is to be remanded for a determination whether defendant's pellet gun did, indeed, fire a projectile exceeding .177 calibre.

    Remanded.

CRIMINAL LAW — FELONY-FIREARM STATUTE — FIREARMS — PELLET GUNS — STATUTES.

    Possession of a pellet gun which propels projectiles not exceeding .177 calibre does not constitute possession of a "firearm" in the commission of a felony under the Michigan felony-firearm statute (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for plaintiff.

*Carlton R. Roeser,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
[1] 79 Am Jur 2d, Weapons and Firearms § 2.

Before: D. C. RILEY, P.J., and R. B. BURNS and KAUFMAN, JJ.

PER CURIAM. Defendant pled guilty to robbery armed, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), before the Oakland Circuit Court. He was sentenced to 3 to 20 years imprisonment on the armed robbery conviction and to the mandatory two years on the felony-firearm conviction. From these convictions and sentences, defendant appeals as of right under GCR 1963, 806.1.

Defendant argues that the plea-taking court did not ascertain an adequate factual basis in support of his felony-firearm plea. At the proceeding on the plea, defendant stated that he used a pellet gun in the armed robbery.

"THE COURT: Around April. What happened? You walked into the place?
"MR. GEE: Yes. And, I pulled a weapon from under my coat.
"THE COURT: What kind of a weapon was that?
"MR. GEE: A pellet rifle.
"THE COURT: A pellet rifle."

The court then accepted defendant's felony-firearm plea on this basis. Now, defendant contends that a pellet gun is not and cannot be considered a firearm under the statute.

The felony-firearm statute, MCL 750.227(b); MSA 28.424(2), provides in pertinent part:

"A person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony, except the violation of section 227 or section 227a, is guilty of a felony, and shall be imprisoned for 2 years."

The definition of a firearm is contained in MCL 8.3t; MSA 2.212(20):

"The word 'firearm', except as otherwise specifically defined in the statutes shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177 calibre by means of spring, gas or air."

Whether a pellet gun is a firearm, under this definition, then, depends on the size of the projectile it propels. The record provides no assistance in this determination. The plea-taking court merely equated pellet gun with firearm and accepted defendant's plea. We choose not to follow this line of reasoning. Instead, we remand this cause for further fact finding upon this question. If defendant's pellet gun did, indeed, fire a projectile exceeding .177 calibre, his felony-firearm conviction shall be affirmed. If not, the conviction shall be vacated. We leave further development of this question to the trial court and do not retain jurisdiction.

Remanded for proceedings in conformity with this opinion.