PEOPLE v SCARBROUGH

Docket No. 100390. Submitted November 17, 1987, at Detroit. Decided February 1, 1988.

Defendant, Shawn S. Scarbrough, was charged with carrying a weapon in a motor vehicle. The weapon was a pellet pistol with a rifled barrel and was loaded with pellets. Following a preliminary examination, the district court judge held that the pistol was not a firearm and dismissed the case. The people appealed and Washtenaw Circuit Judge William F. Ager, J., reversed and reinstated the charge. Defendant appealed, by leave granted.

The Court of Appeals *held:*

1. Defendant's .177 calibre pistol, with a rifled barrel, and designed primarily for shooting pellets, is a firearm for purposes of the statute regarding carrying a concealed weapon in a motor vehicle.

2. The pistol did not meet the elements defining an exception to the definition of a firearm.

Affirmed.

1. WEAPONS — CARRYING WEAPON IN MOTOR VEHICLE — FIREARMS.

A .177 calibre pistol with a rifled barrel and designed primarily for shooting pellets is a firearm for purposes of the statute regarding carrying a weapon in a motor vehicle (MCL 8.3t, 750.227; MSA 2.212[20], 28.424).

2. WEAPONS — FIREARMS — WORDS AND PHRASES.

A "firearm" is defined as any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion; a weapon is excepted from the statutory definition of a firearm where it has a smooth bore barrel and is designed and manufactured exclusively for propelling BB's not

REFERENCES

Am Jur 2d, Weapons and Firearms §§ 1, 26, 27

What constitutes "dangerous weapon" under statutes prohibiting the carrying of dangerous weapons in motor vehicle, 2 ALR4th 1342

See also the annotations in the Index to Annotations under Weapons and Firearms

exceeding .177 calibre by means of spring, gas or air (MCL 8.3t; MSA 2.212[20]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

Washtenaw County Public Defender (by *Craig J. Pollard*), for defendant on appeal.

Before: D. F. Walsh, P.J., and Shepherd and A. T. Davis, Jr.,* JJ.

Shepherd, J. Defendant was arrested on October 25, 1985, by a Washtenaw County sheriff's deputy and charged with carrying a weapon in a motor vehicle, MCL 750.227; MSA 28.424. The weapon was a pellet pistol, Crosman brand, with a rifled barrel, and was loaded with pellets. Preliminary examination was held in early May, 1986, in district court. The district judge held that the pistol was not a firearm and dismissed the case on June 25, 1986. The people appealed and Washtenaw Circuit Judge William F. Ager, Jr., reversed and reinstated the charge by opinion of March 25, 1987, and order of April 16, 1987. We affirm.

The only issue on appeal is whether the .177 calibre pistol, with a rifled barrel as opposed to a smooth bore barrel, is a firearm for purposes of the statute. "Firearm" is defined by statute:

The word "firearm", except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, *except any smooth bore rifle or handgun designed and manufactured*

* Circuit judge, sitting on the Court of Appeals by assignment.

*exclusively for propelling BB's not exceeding .177
calibre by means of spring, gas or air.* [MCL 8.3t;
MSA 2.212(20).][1]

Circuit Judge Ager concluded that in order to be
excepted from the statute a weapon had to: (1)
have a smooth bore barrel, (2) be designed and
manufactured *exclusively* for propelling BB's, and
(3) not exceed .177 calibre. Since the weapon in
question did not fall within the exception because
it was not a smooth bore weapon and because it
was a pistol designed primarily for shooting pellets
and not exclusively for shooting BB's, Judge Ager
concluded it was a firearm and reinstated the
charge against defendant. Judge Ager noted that
the purpose behind the concealed weapons statute
was to prohibit the possession of dangerous weap-
ons. Judge Ager stated that a 1959 amendment to
the statute, more specifically identifying the excep-
tion to the statute, furthered the policy. A gun
with a rifled barrel has grooves along the inside of
the barrel which puts a spin on the projectile
increasing its distance and accuracy. A smooth
bore weapon does not put such a spin on the
projectile, he reasoned. Furthermore, he noted
that a BB is smaller than a pellet and round. A
pellet has a pointed end, similar to a bullet, and
can travel farther than the perfectly round BB,
thus increasing its dangerousness. We affirm both
his reasoning and result. In interpreting a statute
the rule of ordinary usage and common sense must
be applied. *People v Mankel,* 373 Mich 509, 512;
129 NW2d 894 (1964). MCL 8.3t; MSA 2.212(20)
defines a firearm and sets forth, in plain language,
an exception. In this case, the weapon did not fall
within the language of the exception.

[1] Although there is one other statutory definition of firearm, MCL
752.841; MSA 28.436(11), that definition applies only to offenses
involving injury by discharge of a firearm.

Defendant argued below and now on appeal that the case is controlled by *People v Gee,* 97 Mich App 422; 296 NW2d 52 (1980). In *Gee* the defendant pled guilty to armed robbery and possession of a firearm during the commission of a felony. He used a pellet rifle in the robbery and the trial court accepted his plea on the felony-firearm charge based on his use of the pellet rifle. On appeal this Court held:

> Whether a pellet gun is a firearm, under this definition, then, depends on the size of the projectile it propels. The record provides no assistance in this determination. The plea-taking court merely equated pellet gun with firearm and accepted defendant's plea. We choose not to follow this line of reasoning. Instead, we remand this cause for further fact finding upon this question. If defendant's pellet gun did, indeed, fire a projectile exceeding .177 calibre, his felony-firearm conviction shall be affirmed. If not, the conviction shall be vacated. We leave further development of this question to the trial court and do not retain jurisdiction. [*Gee,* 424.]

We take this holding to mean that, if the weapon in *Gee* fell within the exception because of its smaller calibre, the weapon would not be considered a firearm and therefore it would be improper to enter defendant's felony-firearm conviction. The *Gee* holding is not inconsistent with our holding here. The *Gee* Court concluded that it did not have sufficient facts to determine whether the weapon met the exception. In this case, it is clear from the facts that the weapon does not meet the elements of the exception. We therefore affirm the circuit court's reinstatement of the charge.

Affirmed.